FORT WORTH ICE CO. v. CHICAGO, ROCK ISLAND & TEXAS RAILWAY CO.

No. 724.

1. **Condemnation Proceedings—Acceptance of Award—Waiver of Objections.**

Where the owner of land taken for railroad purposes accepts the amount awarded in the condemnation proceedings, he waives his right to prosecute objections which he may have filed to the award, and the fact that the railroad company had entered upon the land before the payment or deposit of the award does not affect the question.

2. **Same—Form of Receipt.**

Where the amount of the award is brought into court, and the owner's receipt there given and filed as a paper in the cause, the recital therein that the payment

was "upon the claim" of the owner for damages, did not establish an agreement that such payment should not affect the owner's right to a trial of his objections to the award, it not appearing that the receipt was given to or taken by the railway company.

**3.  Same—Judgment Vesting Right of Way.**

A judgment vesting an easement "in and to, and over and across, and upon the property in controversy for all necessary railway purposes," sufficiently adjudges "a right of way" over the premises, but the expression "for all necessary railway purposes" is broader than is authorized by art. 4216 of the Revised Statutes, and in the interest of the owner should be modified so as to limit the exercise of the easement to the purposes defined by said statute.

APPEAL from the County Court of Tarrant.  Tried below before Hon. ROBT. G. JOHNSON.

*Hogsett & Orrick,* for appellants.—1.  The aceptance of a tender does not estop a person from further prosecuting his suit, except at the risk of incurring the costs.  Taylor v. Brooklyn Railway, 119 N. Y., 561; Rhodes v. Andrews, 13 S. W. Rep., 422; The Rossend Castle, 30 F. Rep., 462; 25 Am. & En. Encycl. Law, 924, 939, 943; Snyder v. Cowan, 25 S. W. Rep., 383.

2.  When the company has taken possession of the land against the will of the owner, and then offer the amount of the award, the land owner having in the statutory term filed his objections, such land owner is not estopped to further prosecute his suit for further damages.  Sayles Civ. Stats., sec. 4205; Railway v. Lyons; Mills on Em. Dom., secs. 137, 138, 139; Lewis on Em. Dom., sec. 581; 6 Am. & En. Encycl. Law, 629, 630; Meily v. Zurmehly, 23 O., 627.

*Capps & Cantey* and *N. H. Lassiter,* for appellee.—The rule is well settled that a party cannot accept the benefits of an adjudication, and yet allege it to be erroneous, "and this general principle so far applies to condemnation proceedings as that the acceptance by the land owner of the sum awarded will preclude him from prosecuting an appeal therefrom."  Twombly v. Railway (Texas), 31 S. W. Rep., 81.

JAMES, CHIEF JUSTICE.—The first and second assignments are without merit.  Apart from the waiver of irregularities or defective pleading which results from the acceptance by appellant of the sum awarded by the commissioners (Elliott on Roads and Streets, 207), we are of opinion that the petition for condemnation sufficiently indicates the purpose for which the strip described was sought to be taken, viz., for a right of way necessary to enable appellee to construct and maintain its railway.

The first step in the history of this proceeding was an injunction sued out by appellant on June 17, 1895, restraining appellee from entering upon its property.  Thereupon the application to condemn was filed in the County Court, which resulted in an award to appellant of $1900 for the right in the land sought by appellee.  On July 10, 1893, appellee moved in the District Court in which the injunction had been sued out, to vacate the same, exhibiting the proceedings had in the County Court,

and averring that it had tendered and did now tender to appellant the amount of said award, and that the tender had been refused. On July 11, 1893, the motion was heard and the restraining order vacated. Previous to this, on July 5, 1893, appellant had filed objections to the award of the commissioners. In January, 1894, appellant made a motion in the injunction suit in the District Court, alleging that the railway company had withdrawn its offer of said sum of money, that the same was not in court, and that appellant had applied to the officers of appellee, signifying their willingness to accept the same, and that the officers had refused to pay it, and asked the court to renew the restraining order. Thereupon the railway company brought the money into court, and appellant accepted same, and to use the language of the statement of facts, "in the presence of said District Court" executed the paper, which is as follows:

"No. 7825. The Ft. Worth Ice Company v. Chicago, Rock Island & Texas Railway Company. Received of the Chicago, Rock Island & Texas Railway Co. $1900, payment upon the claim of the Ft. Worth Ice Company and the Traders' National Bank for damages to the right of way to the land mentioned in the above suit, the said $1900 being the money tendered into court by said railway company on the above cause and mentioned in the pleadings, and being the amount awarded by the commissioners appointed by the county judge in the condemnation proceedings.                                        "Hogsett & Orrick,
                                        "Attorneys for the Ft. Worth Ice Co.

                    "The National Bank of Fort Worth,
                              "By J. Y. Hogsett, V. P."

The railway company had taken possession of the premises immediately after the order vacating the injunction. Upon the trial in the County Court, a jury was waived, and plaintiff, by supplemental petition, plead the facts above stated, and the court held that the appellants, by accepting the amount of the commissioners' award, waived their right to further prosecute their objections, and entered judgment accordingly. The third and fourth assignments specify this as error.

Our Constitution provides that no property shall be taken for public use unless adequate compensation shall be first made, or secured by a deposit of money. Section 7, article 1. In the case of Railway v. Clark, (Mo.) 24 S. W. Rep., 157, upon which, and several other cases therein discussed, appellant relies, the statutes provided for the payment to the clerk of the amount assessed for the party in whose favor the same was assessed, whereupon it should be lawful for the company to enter into possession of the property. It was there held that such payment being for the owner, he could receive it without impairing his right to prosecute an appeal. Our law is different, and provides that the deposit is security only for payment to the owner; hence, the case cited is not applicable. It does not decide what would be the effect of demand and acceptance of such deposit, where the deposit is not for the use of the owner, but security merely.

In this case, however, there was no deposit made in the County Court before possession was taken by the condemning party, and the opinion in Twombly v. Railway, 31 S. W. Rep., 81, where the deposit had been so made, is not upon the precise facts before us. Still, we believe there is no difference in the applicability of the same principles to both cases. The reasons given in said opinion seem to us to be sound. We are of opinion that the owner has no right to receive the award, and, while holding the same, prosecute objections thereto. See Elliott on Roads and Streets, 277, and cases cited. His right to have the matter tried is based upon his objecting to the award of the commissioners, and he cannot accept the award and be considered in the position of objecting to it. The positions are wholly inconsistent. His right is in the nature of an election.

The fact that the railway company may have entered upon the premises without payment or deposit has no effect whatever upon the question. So far as the award of the commissioners was concerned, the owner had a right to accept it as well out of court as through a deposit, and after objections as well as before they were entered. It will doubtless not be denied that an acceptance of the amount of the award prior to the filing of objections would be a bar to a prosecution of objections. Can a party file objections, then accept the award, and be in any better position? We think not.

The case would be otherwise however if the award was paid and received with the understanding between the parties that it should not affect the owner's right to a trial of his objections. Such is said to be the case here. The receipt which was given by appellant states that the payment was upon the claim for damages. But it does not appear that this receipt was given to or taken by appellee, or embodies any agreement of appellee. The evidence is that the appellant asked a revival of the injunction upon the ground that appellee had withdrawn its offer to pay the award, and upon the ground that appellant was willing to accept the same, and had demanded it of appellee, who had refused to pay it. All that appellee did on that occasion was to bring the money demanded into court, when appellant accepted it. The receipt appears to have been drawn by appellant and left as a paper in the cause, and does not appear to have been the result of any arrangement or agreement between the parties as to the effect of the payment. These facts, in connection with the demand then and previously made, and the expression of appellant's willingness to accept the award, make the record such that it fails to show that appellee agreed that the payment of the award should not affect appellant's right to proceed with the case in the County Court. The court did not err in its sustaining this defense.

The judgment vests an easement "in and to and over and across and upon the property in controversy, for all necessary railway purposes." This in reality adjudges a "right of way" over the premises, although that expression is not used. Objection is made to the language "for all necessary railway purposes." Our statute (art. 4216) forbids or restricts

the use of the right of way as to certain purposes, and the language of the judgment is we think too broad to be consistent with the statute. The judgment entered may, so far as the owner is concerned, authorize the use of the right of way for purposes which the statute, in the interest of the owner, does not permit when the land is taken by condemnation. Lumber Co. v. Harris, 77 Texas, 23. The right obtained by the condemnation under the pleadings and award in this case, is the use of the premises for the purposes of a right of way as the same is defined by statute, and in this particular the judgment will be modified.

*Reformed and affirmed.*

Delivered November 27, 1895.