## THOMAS et ux. v. HOUSING AUTHORITY OF CITY OF DALLAS.

### No. 3021.

Court of Civil Appeals of Texas. Eastland.

May 15, 1953.

Rehearing Denied June 5, 1953.

McKool, McDaniel & Bader, Dallas, for appellants.

Scurry, Scurry & Pace, Dallas, for appellee.

LONG, Justice.

The Housing Authority of the City of Dallas instituted this suit to condemn certain property belonging to Eddie Thomas and wife. Special Commissioners were appointed by the County Judge, who, on July 7, 1951, made and filed their award assessing appellants' damages at $2,775 for the taking of their property. On July 9, 1951, appellants filed their objection to the award of the Commissioners. Thereafter appellants obtained an order to withdraw and did withdraw this award. On July 30, 1952, appellee filed its motion for summary judgment alleging that there was no genuine issue of fact existing between the parties. Appellants answered the motion for summary judgment and alleged that objection had been filed within ten days after the Commissioners' award had been filed and that there were genuine fact issues in the case. Appellants attached to their answer an affidavit of a real estate appraiser who stated in his opinion the property was worth $4,950. Appellants further alleged that because of conditions of want, hardship and necessity, after they had been forcibly ejected from their home, they were required to withdraw the amount of the Commissioners' award in order to pay for moving from the condemned premises and to obtain a place to live. The court granted appellee's motion for a summary judgment. From this judgment appellants have duly appealed.

It is the contention of appellants that the court erred in granting appellee's motion for a summary judgment because appellants had the right to withdraw the amount of the Commissioners' award and that by so doing they did not waive their right to proceed and have the cause heard as to the value of the property in question. We do not agree with this contention. In our opinion the trial court was correct in granting the summary judgment. Appellee met the requirements of Section 1, Article 3268, Vernon's Annotated Revised Civil Statutes by depositing in the registry of the court the amount of the Commissioners' award and thereafter took possession of the property involved. When appellants accepted this amount they thereby ended the litigation. The fact that appellants may have been impelled to accept the award because of economic conditions has no bearing on the question.

" * * * we have nevertheless seen that whenever the land owner accepts the compensation tendered by the condemnor he thereby precludes

himself from further litigating the question. Thus it is settled that after the land owner has removed the cause to the County Court he waives the right to have a trial on his objections if he accepts any part of the award, unless he has a distinct understanding to the contrary with the condemnor. The reason for this rule is that the land owner cannot accept the award and at the same time be considered in the position of objecting to it." 16 Tex.Jur. 806, Sec. 172. See also Twombly v. Chicago, R. I. & T. Railway Company, Tex.Civ.App., 31 S.W. 81; Fort Worth Ice Company v. Chicago, R. I. & T. Railway Company, 11 Tex.Civ.App. 600, 33 S.W. 159; Houston Independent School District v. Reader, Tex.Civ.App., 38 S.W.2d 610.

The judgment of the trial court is affirmed.