WHITE, Survivor, &c. of Hardie, vs. YARBROUGH.

1. A plea, which professes to answer the whole, but which, in fact, answers only a part of the cause of action, leaving the remainder unanswered, is bad on demurrer.

2. It is no defence to an action on a promissory note, that a part of its consideration consisted of a sum of money, advanced by one of the payees to a third person, at the request of the maker, in payment of an illegal wager, which such third person had won from the maker.

Error to the Circuit Court of Talladega. Tried before the Hon. Nathan Cook.

This was an action of debt on a bill single by defendant against the plaintiff in error. The defendant below filed the following plea to the plaintiff's declaration: "And the defendant, by attorney, comes and defends, &c., and says, the said plaintiff ought not to have or maintain his action, because, he says, in the year 1844, the said defendant betted with one B. H. Spyker the sum of one hundred dollars upon the result of the then pending Presidential election, for President of the United States, which said bet of one hundred dollars was won by said B. H. Spyker from defendant, and John Hardie, the active member of the firm of John Hardie & Co., plaintiffs in this suit, at the request of defendant, paid to said Spyker the said sum of one hundred dollars, won by said Spyker as aforesaid from defendant, by delivering to Spyker goods to the amount of one hundred dollars, well knowing at the time of the delivery of said goods, that said Spyker had won said one

hundred dollars from defendant as aforesaid, and that said goods were delivered to said Spyker in payment of the same,, and the goods, so delivered to said Spyker, for the purpose aforesaid, constituted to that extent the consideration of the note sued on; and this, said defendant is ready to verify."— To this plea, the plaintiff demurred, and the demurrer was sustained by the court, which is now assigned as error.

WOODWARD, for plaintiff in error:

The plea is good. A contract in furtherance of an act in violation of statute, is void. Chitty on Con. 232.

A wager on an election is void, as against public policy.— Chitty's Con. 156. It was so decided, also, in 9 Cowen, §169. See Chitty on Con. 156, note on right hand page.

The payment of goods was in furtherance of the illegal act,. and therefore the note cannot be recovered—a part of the consideration being this void transaction, which vitiates the whole. Chitty on Con. 181-2, 228; 4 Taunt. 165.

RICE and MORGAN, for defendant:

1. The plea is fatally defective; it proposes to answer the whole declaration, *when it only answers a part.* Deshler v. Hodges, use, &c., 3 Ala. R. 509.

2. The substance of the plea is bad. It avers, that at the request of the defendant, the plaintiff's copartner paid one Spyker one hundred dollars, which Spyker had won on a bet made on the Presidential election, and for which sum, so paid, the defendant gave his note, &c. From the plea, it does not appear that the plaintiff's partner had anything to do with the bet; but after it was made and lost by defendant, Hardie paid Spyker, at the request of defendant. Hardie was not a stake-holder; he furnished goods merely, not to be bet, but to pay a bet that defendant had made and lost.

COLLIER, C. J.—The defendant's plea professes to answer the entire cause of action, but if it answers any, it is a part only, leaving unanswered much the greater part, which is of the gist of the action,. and we should incline to think it bad on demurrer. Deshler v. Hodges, use,, &c., 3 Ala. Rep. 509. If, however, the plea in this respect be free from objection, we cannot doubt that the matter of the defence which it relies on.

is wholly unavailable. It amounts to nothing more than this, that the defendant lost one hundred dollars upon the result of the Presidential election of 1844, which was won by Spyker; that the defendant requested John Hardie, the active partner of the firm of which the plaintiff was a member, to pay Spyker the amount lost, in goods; the goods were accordingly delivered, though Hardie well knew at the time they were intended to pay Spyker the bet he had won. It is quite enough to recite the plea, to show that the demurrer to it was properly sustained. The judgment is consequently affirmed.