THE PEOPLE ex rel. GEORGE W. HUNTLEY, Respondent, v. EDWARD E. MILLS, Sole Commissioner of Highways of the Town of Scroon, Essex County, Appellant.

Where, in proceedings to open a highway the owners of the land and all others interested have had an opportunity to be heard, a jury drawn for that purpose has appraised the damages to the owners of the land, and the amounts thus appraised have been audited and allowed by the town auditors, assessed upon the property of the town, collected and paid to and received by said owners, and the highway commissioner has taken possession of the land, paid out some money thereon and performed labor upon it for the purpose of making it fit and proper for public travel, the said commissioner cannot thereafter question the validity of the proceedings, and a *mandamus* is proper to compel him to attach said highway to a road district.

After the submission of a motion to the Special Term for such a writ, and before its decision, an order dated after the submission was sent to the judge who held the term, which purported to be a copy of an order made by the highway commissioner discontinuing the road in question. It did not appear that the relator knew of this order. The motion was granted and the Special Term order was affirmed by the General Term.

*Held*, that the order of discontinuance was not properly before this court on appeal from the order of affirmance; that plaintiff should have an opportunity to be heard upon its effect, and as to any fact which might explain or affect it and as to the law in regard to it.

As to whether the commissioner's order would have been a defense to the motion, *quære*

(Argued March 13, 1888; decided March 20, 1888.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made May 3, 1887, which affirmed an order of the Special Term, granting the application of the relator for a *mandamus* requiring defendant to attach a highway described in the moving papers to a road district, or to constitute it a separate road district.

The facts, so far as material, are stated in the opinion.

*C. B. McLaughlin* for appellant. Where a later statute, not purporting to amend a former one, covers the whole subject-matter, and is plainly intended to furnish the whole law upon the subject, the former statute must be held repealed by necessary implication. (*Heckman* v. *Pinkney*, 81 N. Y. 211; *People* v. *Telegraph Co.*, 98 id. 67; *Farr* v. *Brackett*, 30 Vt. 344; *Wakefield* v. *Phelps*, 37 N. H. 295; *Daviss* v. *Fairbairn*, 3 How. [U. S.] 636; *Norris* v. *Crocker*, 13 id. 429; *Plank Road Co.* v. *Allen*, 16 Barb. 15.) If chapter 114 of the Laws of 1880 was in force and operative as law at the time the highway in question was laid out, then the court did not acquire jurisdiction to grant the order, because the moving papers show that proceedings were not taken in conformity with its provisions. (*People ex rel. Sterns* v. *Hoyt*, 66 N. Y. 606; *Rex* v. *Bishop of Oxford*, 7 East, 345; 1 Johnson's Cases, 134; *Clark* v. *Commissioner*, 1 T. & C. 193; 2 Johnson's Cases [2d ed.] 217–262.) The legal presumption is always in favor of the proper discharge of official duty, and it must be always so intended unless the contrary plainly appears. (*Fuller* v. *Wilcox*, 19 Wend. 351; *Oakley* v. *Van Horn*, 22 id. 305; *Stafford* v. *Williams*, 4 Den. 182.) If the highway was legally laid out, it was also legally discon-

tinued. (*People ex rel. Miller* v. *Griswold*, 67 N. Y. 59; 1 R. S. [Edm. ed.], 477, § 81; Laws of 1880, chap. 114, § 2; *Clark* v. *Commissioner*, 1 T. & C. 193.)

*Stanley H. Bevins* for respondent.   This being an appellate court can only review actual determinations made at a General Term. (Code Civil Procedure, §§ 190, 191.)   The questions brought up for review in this court on an appeal from an order affecting a substantial right, are such only as were determined by the General Term of the court below. (Code Civil Procedure, § 1337.)   An appellate court will not consider questions which can be presented only by an appeal from the decisions of an inferior court unless the questions are within the record. (*Harriman* v. *Stillwell*, 34 Hun 180; *Dodge* v. *Mann*, 85 N. Y. 643; *Delany* v. *Brett*, 51 id. 78.)   A party who has acquiesced in the trial of an action upon a certain theory, or who has assumed the existence of certain facts, will not be heard to assert for the first time on appeal that there was error in adopting the theory he had assisted in establishing as the law of the case. (*Vann* v. *Rouse*, 94 N. Y. 401, 407; *Gernon* v. *Hoyt*, 90 id. 631, 633; *Wellington* v. *Morey*, id. 656; *Campbell* v. *Burch*, 60 id. 214; *Wilson* v. *Rocke*, 58 id. 642; *Hill* v. *Heermans*, 17 Hun, 470; *Paige* v. *Fazackerly*, 36 Barb. 392.)   Where a statute specifies the time within which a public officer is to perform an official act, it will be considered directory merely unless the nature of the act to be performed or the language used by the legislature shows that the designation of time was intended as a limitation to the power of the officer. (9 Hun, 412; 2 Denio, 160; 20 Barb. 165; 5 Cow. 269.)

*Per Curiam.*   We concur with the General Term that the question as to the legality of the proceedings to open the road in controversy cannot be raised by the defendant upon the facts shown in this record.   Proceedings were taken to open the road, and the owners of the land and all others interested had an opportunity of being heard.   A jury drawn for that

purpose appraised the damages to the owners of the land to be taken, and the amounts thus appraised were subsequently audited and allowed by the town auditors, assessed upon the property of the town, collected and paid to and received by the said owners, and the highway commissioner took possession of the land and paid out some money thereon and performed labor upon it for the purpose of making it fit and proper for public travel. Upon these facts we are clear that the defendant cannot now raise the question that such proceedings to take the land and lay out the highway were illegal.

After the submission of the motion for a *mandamus* to the Special Term, and before its decision thereon, there was sent to the judges, who held the term, what purported to be a copy of an order made by the commissioners discontinuing the road in question; the order bearing date some days after the submission of this motion for a *mandamus*. It does not appear that the relator had any knowledge of this order, and the judge at Special Term (as it appears from his opinion), passed over the question whether the order could be properly presented to or considered by him, and did so far take cognizance of it as to hold it furnished no answer to this proceeding and awarded the *mandamus*. The General Term (as also appears from its opinion), refused to take the order into consideration, although stating that very probably it would arrive at the same conclusion as did the judge at Special Term, if the question were presented. The relator has never had an opportunity of answering in a proper and formal manner, if any answer there be, the evidence as to this order of discontinuance, as to how or under what circumstances it was made, or as to the legality of the petitions or how or when they were made, nor has he been formally called upon to answer the questions of law which may arise by reason of this order.

We express no opinion upon the question whether such order would constitute a defense to the motion, for we think it is not properly before us. It is proper, however, that the defendant should have an opportunity to be heard upon its

effect, and that the plaintiff should also be heard as to any fact which might explain or affect it, and as to the law in regard to it.

We shall, therefore, affirm the order, with costs, without prejudice to any application by the defendant to the Supreme Court for relief founded upon such order and the petition upon which it was based, due notice of such application being given to the relator.

All concur.

Ordered accordingly.