# Werth *v.* Montgomery Land and Improvement Co.

*Action on Common Counts, and Special Count on Writing.*

1. *Plea to whole complaint, good only in bar of one count.*—When the complaint contains the common counts, and a special count for the breach of a written contract, a plea to the whole complaint, which is good only as to the special count, and which does not allege or show that all the counts are founded on the same cause of action, is demurrable.

2. *Sustaining demurrer good in part.*—When several separate causes of demurrer are assigned to a plea, and the demurrer is sustained generally, if the defendant declines to amend, or to plead further, this court will affirm the judgment, if any ground of demurrer was well assigned.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

A. A. WILEY, for appellant.

TOMPKINS & TROY, *contra.*

SOMERVILLE, J.—1. The complaint contains three separate counts, the two first being common counts, respect-

ively, for goods and chattels sold, and on an account stated. The third declares on a special agreement in writing to pay a sum certain for thirty shares of the capital stock of the plaintiff corporation.

The defendant answers by interposing a single special plea, which professes to go to the whole complaint. This plea alleges fraud in the procurement of the defendant's subscription to the said stock which constituted the consideration of the written instrument described in the third count. While the plea, therefore, professes to answer the whole complaint, including the three counts, it in fact answers only the third count. The settled rule of pleading is, that, when a plea assumes to answer the whole declaration, or complaint, but fails to negative the cause of action set out in each count, or, in other words, answers only a part of the complaint, it is demurrable.—*Wilkinson v. Moseley*, 30 Ala. 562; *Tomkies v. Reynolds*, 17 Ala. 109; *White v. Yarbrough*, 16 Ala. 109; *Galbreath v. Cole*, 61 Ala. 139. The reason is, that each count *purports on its face* to disclose a distinct right of action, unconnected with that stated in any of the other counts; and this is so, whether the suit in fact embraces two or more causes of action, or only two or more different statements of the same cause of action. Whether, therefore, the plaintiff claims a recovery, in such case, upon one right of action only, or upon several, can not appear except when disclosed by the evidence. It does not appear on demurrer. The plaintiff, by maintaining *one* good count, will establish his right of recovery, although he fail on all the others. Hence a plea, failing to answer every good count, is bad, and its insufficiency may be taken advantage of by demurrer.—Gould on Plead. 159, ch. IV, sec. 4–6; Stephen on Plead. (Tyler), p. 216; Heard's Civil Plead., 161; *Tabler v. Sheffield Land, &c. Co.*, 79 Ala. 373; 58 Amer. Rep. 593.

On this principle, the *eleventh* assignment of the plaintiff's demurrer to the special plea of defendant was properly sustained, without regard to any question affecting the merit or soundness of the other assignments. *Non constat*, the common counts in the complaint might, on the evidence, have disclosed a valid cause of action entirely disconnected with the alleged subscription to the corporate stock, as to which the fraud was charged.

2. The record shows that the court sustained the entire demurrer, which contained twelve separate grounds. The

[Western Railway of Alabama v. McCall.]

defendant declined to plead further, and allowed final judgment to go against him on the demurrer.   This court on appeal, therefore, is compelled to sustain the action of the primary court, inasmuch as one of the several grounds of demurrer was unquestionably well taken.—*Guilford v. Kendall*, 42 Ala. 651.

The judgment must accordingly be affirmed.

CLOPTON, J., not sitting.