No. 17,038.

## HOLLAND v. SPELL.

EVIDENCE.—*Admission.—Decree and Papers in Former Suit.—Trespass.*—The papers and decree in an injunction proceeding, to restrain the entry of a tract of land for the extension of a given street, in which plaintiff in his reply alleges that it was agreed upon between himself and the town treasurer, that he would accept the amount of the award, and open such street when the right of way over adjoining land was procured, and that such condition had not been complied with, are admissible against the plaintiff therein as an admission of the receipt of the money and the condition on which he held it, in a subsequent action by him for trespass for destroying his fences on such land after the right of way over the adjoining land had been procured.

MUNICIPAL CORPORATION.—*Nunc Pro Tunc Entry.—Report of Assessment of Benefits and Damages.*—A town may order the entry nunc pro tunc of the report of assessors of benefits and damages caused the property of a designated person by the opening of a street, which has been inadvertently omitted from the records.

ESTOPPEL.—*Reception and Retention of Award in Condemnation Proceedings.*—The reception and retention of an award in condemnation proceedings estop the landholder to deny the validity of the proceedings.

HARMLESS ERROR.—*Evidence.*—Admission of evidence upon which the rights of the parties do not in any manner depend, if erroneous, is not available error.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellant.
*M. E. Forkner,* for appellees.

HACKNEY, C. J.—Joshua Holland, whose administratrix has been substituted as appellant herein, sued the appellee and two others in trespass for breaking down certain fences. The appellee, with his co-defendants, in addition to the general denial, justified the acts complained of as having been committed by Spell, as the marshal of the town of New Castle, pursuant to an order of the board of trustees of said town and by virtue of certain condemnation proceedings, wherein that part of the enclosure included within the fences destroyed was condemned for a public street, and the plaintiff's damages were assessed and paid to him, and he accepted the same upon the condition that the town would "first acquire the right-of-way for said street through the property adjoining his property immediately upon the east before opening said street." It was alleged also that the said property adjoining had been so acquired. The trial resulted in a judgment for the appellee and his co-defendants. The error assigned in this court is the overruling of a motion for a new trial.

The principal contention arises upon the question, was the finding of the lower court contrary to law? The facts were that in 1877 Holland owned the tract in question, which was separated from a terminus of Vine street in said town by one other tract; proceedings were had to condemn a right-of-way for the extension of said street through said two tracts; the regularity of such proceedings is not questioned back of the reception, by the town board, of the report and assessment of commissioners, in and by which report $50.00 were awarded as Holland's damages. At this point in the proceedings said report was laid upon the

table, by the action of the board, and no further action appears of record at that time. At a later period, the date of which is not disclosed, the record showed an entry, *nunc pro tunc*, in the proceedings of said board as follows: "Opening Vine street. On motion the following action was taken by the board in the matter of opening Vine street. It appearing to the satisfaction of the board that at the meeting of the board of trustees of this town, on the 18th day of October, 1877, the report of the assessors of benefits and damages in the matter of the opening of Vine street through the property of Joshua Holland, in said town, was duly accepted by the board and the treasurer of said town ordered to pay the damages assessed to him therein, and that said order was by inadvertence of the clerk of said town omitted from the records. It is now ordered that the following order be and the same is now entered of record, now for then: 'On motion it is ordered that the report of the assessors of benefits and damages in respect to the opening of Vine street through the property of Joshua Holland and others, heretofore filed, be and the same is hereby accepted and the treasurer of the town is ordered to pay Joshua Holland the sum of $50.00, the damages assessed to him.'" After the report of the commissioners the treasurer paid to Holland said sum of $50.00, he, said Holland, accepting said sum upon the expressed conditions, by him stated, that he would open the street through his tract when it should be opened through said adjoining tract. The sum so paid to and received by Holland was ever after retained by him. After some litigation with the owner of the adjoining tract, and in 1892, the town acquired, by purchase, a right-of-way for the extension of said street through said adjoining tract and thereupon notified Holland to open the street through his tract. Failing

to observe this notice the board ordered Spell, the marshal, to open the street through said tract, and it was in obedience to this order that he did the acts alleged to constitute the trespass.

The appellant's learned counsel devote most of their argument to the proposition that the receipt and retention of the money by Holland upon the oral promise to devote his real estate to the uses of a street ·did not constitute an enforcible contract and did not estop him to deny the right of entry by the town authorities under such contract.

We apprehend that any rights of the town do not arise upon contract, but must depend upon the condemnation proceedings, such proceedings being valid or Holland being estopped to deny their validity. It is a general rule that where benefits are awarded to the owner of land in proceedings to condemn, an acceptance of the sum awarded will preclude the owner from prosecuting an appeal. Elliott App. Proced., section 150; *People, ex rel.,* v. *Mills,* 109 N. Y. 69; *Felch* v. *Gilman,* 22 Vt. 38; *Hawley* v. *Harrall,* 19 Conn. 142; Elliott Roads and Streets, 277. Judge Elliott says, in his App. Proced., section 151: "It will be observed that in the cases in which it has been held that an estoppel exists, the act necessarily affirmed the validity of the judgment. Thus, where a party accepts money or property awarded him by a judgment, he concedes the validity of the judgment, since it is by virtue of the judgment that he obtains the money or property." These principles have been applied by this court in proceedings similar to those involved in the present case. *Test* v. *Larsh,* 76 Ind. 452; *Baltimore, etc., R. R. Co.* v. *Johnson,* 84 Ind. 420; *Newman* v. *Kiser,* 128 Ind. 258.

In *Byer* v. *Town of New Castle,* 124 Ind. 86, the doctrine that one may estop himself to deny the validity of

condemnation proceedings was recognized. That he may estop himself, by the receipt of the money awarded in condemnation proceedings, to deny the validity of the proceedings was held in a full and satisfactory opinion and citation of authority in *Test v. Larsh, supra.* We can conceive of no good reason why he should, in good conscience, be permitted to receive all the benefits of the proceeding, and, while holding them, deny that the proceeding is effectual to create the burdens corresponding to such benefits. In this view of the question we regard it as unnecessary to consider whether Holland had notice of the intention to enter or of the entry of the proceedings *nunc pro tunc.* Nor can it be material as to the time when such entry was made. Without the entry we should regard him as estopped to question the validity of the proceeding so long as he held the money to which he had no color of claim except by the presumption that the proceedings were regular. That the town had the power, however, and that we must presume in favor of its proper exercise, in the matter of its entry *nunc pro tunc* in such proceedings, has been decided. *Chamberlain* v. *City of Evansville,* 77 Ind. 542, and cases there cited. See also *Byer* v. *Town of New Castle, supra,* where such power was recognized.

Complaint is made, also, of the admission in evidence of such *nunc pro tunc* entry. As we have said, the rights of the parties did not depend upon that entry and were correctly decided without reference to it, and if by any possible reason its admission in evidence was erroneous, it was not an available error. It is urged also that the court erred in admitting in evidence the papers and decree in an injunction proceeding instituted and prosecuted by Holland against the town of New Castle and David Harvey, its then marshal. That proceeding was to enjoin the entry of

Holland's tract for the extension of said Vine street in 1884. One answer in that case was the condemnation proceedings and the payment to Holland of the $50.00. Holland replied, among other facts, that it was agreed between himself and the treasurer, who paid him the $50.00, that he would accept the same "and open said street and give possession thereof when the board of trustees procured the right-of-way and opened said street through the lands * * adjoining * * on the east," and alleging that the condition had not been complied with on the part of the town. The decree enjoined the opening of the street, upon the theory of this reply, "until said defendant shall have first obtained a right-of-way * * through and across the lands * * * adjoining," etc. These papers were admissible, not as a former adjudication, but as Holland's solemn admission of the receipt of said money and of the condition upon which he held it, and, at the same time, why he denied the right to occupy his land for the street. It was not mere hearsay evidence; it was the admission of the party, and one upon which he procured a decree in the court in which he now asks relief upon an inconsistent ground.

It is further urged that the trial court erred in admitting in evidence the notes of the judge who tried said injunction suit as to the evidence of Holland upon that trial to the theory of said reply. That theory was not questioned by Holland upon this trial, and besides the admission of said reply there was the evidence of the treasurer who made the payment. Such evidence, uncontradicted, would have established the proposition involved without regard to the notes. There was, however, a *prima facie* showing that such notes were the best evidence attainable. In view of the first conclusion of this opinion, we are convinced that the case was properly decided upon its

merits, and that any possible error in the introduction of the evidence so complained of cannot be made available.

The judgment of the circuit court is affirmed.

Filed February 12, 1896. Petition for rehearing overruled April 16, 1896.

Note.—The authorities as to the entry of a judgment *nunc pro tunc* are found in a note to *O'Sullivan v. People* (Ill.), 20 L. R. A. 143.