# City of Bessemer *v.* Southern Ry. Co.

### *Action to Recover Taxes.*

(Decided Dec. 17, 1908.   48 South. 103.)

1. *Appeal and Error; Harmless Error; Ruling on Demurrer.*— Where an amendment was filed under which the same proof was admissible as would be necessary for a recovery under the original count, any error in sustaining demurrer to the original count is harmless.

2. *Municipal Corporation; Assessment; Rates.*—Section 45 1-2 of the Bessemer City Charter is void as contravening the provisions of section 216, Constitution 1901.

3. *Discovery; Failure to Answer Interrogatory.*—A plaintiff is not entitled as of right to a judgment on refusal of defendant to answer interrogatories, since under section 4055, Code 1907, the court has a discretion as to which of several courses it will pursue in that event.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by the City of Bessemer against the Southern Railway Company for the collection of taxes. From a judgment for defendant, plaintiff appeals. Affirmed.

B. G. PERRY, T. T. HUEY, and PINKNEY SCOTT, for appellant. The court erred in sustaining demurrers to the original complaint.—*City of Bessemer v. Tenn. C.*

*C. I. & R. R. Co.*, 131 Ala. 138; *Golthwaite v. Montgomery*, 50 Ala. 486; *N. C. & St. L. Ry. v. Ala. City*, 134 Ala. 413. The complaint fixes the situs within the city limit.—*N. D. Co. v. The State*, 99 Ala. 462; *Trammel v. Conner*, 91 Ala. 398. The complaint was not subject to any of the demurrers interposed.—*Anniston v. Southern Ry. Co.*, 112 Ala. 564; *Winters v. City Council of Montgomery*, 79 Ala. 481; *Perry County v. R. R. Co.*, 58 Ala. 564. The court erred in refusing to enter judgment for plaintiff upon failure of defendant to answer interrogatories.—Chap. 46, Code 1896. The assessment was put upon the proper basis and was valid.—*Board of Revenue Mobile County v. The State*, 73 Ala. 65; *State Auditor v. Jackson County*, 65 Ala. 142; Sec 45½, City Charter of Bessemer.

WEATHERLY & STOKELY, for appellee. Counsel insist that sections 39 and 45½ are limited by and in contravention of section 216, Const. 1901, and in support of invalidity of assessment they cite that section of the Constitution and sections 3964 and 3973, Code 1896. They insist that the municipality cannot tax any part of the rolling stock of the railway company unless it be shown to be actually within the municipality as to situs, the general rule being that the legal situs is determined by the legal residence of the owner.—*Stone v. Mayor and Aldermen of Mobile*, 57 Ala. 69; *Battle v. Mobile*, 9 Ala. 234; 6 Thompson on Corporation, sec. 897 and note; 25 A. & E. Ency of Law, 654.

SIMPSON, J.—This action is by the appellant against the appellee; the complaint originally being for the recovery of a certain amount claimed to be due for municipal taxes on the rolling stock of the defendant for the years 1901, 1902, 1903, and 1904. Demurrers were

sustained to the complaint, and the plaintiff then amended the complaint by adding counts 2, 3, 4, and 5, simply claiming for "taxes assessed against it for years 1901, 1902, 1903, 1904, and 1905," or due by account for assessment, etc. Demurrers were again interposed to the amended complaint, which were overruled. The plea of the statute of limitations of three years was interposed; and the court, without a jury, found the issues in favor of the defendant, from which judgment the plaintiff appeals.

If there was error in the sustaining of the demurrers to the original complaint, it was without injury, as the amended counts were claims for taxes generally, under which the same testimony could have been introduced, as would be necessary for recovering for taxes on rolling stock merely.

But the main point which is sought to be raised by this assignment comes up again in the fifth and sixth assignments of error, to wit, the validity of section 45½ of the charter of the city of Bessemer, and the legality of the assessment against the rolling stock of the defendant in this case. Said section 45½ authorizes the tax assessor of said city to ascertain the length of any railroad in the city, including right of way, roadbed, side tracks, and main tracks, also the number of engines and cars situated in said city, to make the average number of such cars in the city the basis for an assessment thereon, and to make an assessment of the property of such company situated in the city, basing and taking his valuation from the assessment of the said railroad for state and county taxes for the previous year, by fixing the value of the tracks so assessed at the same rate per mile as fixed by the state board for the county, and by fixing the value of the personal property at as nearly the same rate as the state board as he can. Section 216 of

our Constitution provides that "no city * * * shall levy or collect a higher rate of taxation in any one year, on the property situated therein, than one-half of one per centum of the value of such property as assessed for state taxation during the preceding year."

For the purpose of arriving at a proper assessment of the right of way, roadbed, and rolling stock of the railroads in the state, a state board of assessment is organized, to whom the railroad companies make returns of the number of locomotives and of the cars of various kinds, and said board determines the value of said property and assesses the same for taxation, and it is made the duty of the Auditor, who is a member of the state board, to notify the tax assessor of each county of the proportionate value of such property taxable in said county. No provision is made by the general laws for assessment of such property by the cities and towns. It is true, as a general proposition, that all property situated in a city and subject to state and county taxation is also subject to municipal taxation. It is also true that nothing that has not a situs in the municipality is subject to taxation therein as property. So the question arises: Has a car, which merely passes through a city, such a situs therein as to be subject to municipal taxation?

It has been frequently stated as a principle of the common law that personal property follows the owner and its situs is that of the owner. For certain purposes this is true; and, while there are some early cases to the contrary, yet it is now settled by the decisions of our highest court that, for the purposes of taxation, personal property can acquire a situs other than that of its owner, and that the rolling stock of a railroad company may acquire such a situs in the state where it is constantly used as to be subject to taxation in that state;

also that, for purposes of taxation, the state may provide for an assessment by a state board, on the basis of the average number of cars used in the state; and that said board may distribute the ratable amount of taxation to be allowed to the counties and municipalities in the state.—*Atlantic & Pacific R. Co. v. Lesuer*, 2 Ariz. 428, 19 Pac. 157, 1 L. R. A. 244; 2 Eliott on R. R. § 755; *State R. R. Tax Cases*, 92 U. S. 576, 580, 607, 611, 23 L. Ed. 663; *Marye v. B. & O. R. R.*, 127 U. S. 117, 123, 8 sup. Ct. 1037, 32 L. Ed. 94; *Pullman Car Company v. Pennsylvania*, 141 U. S. 18, 22, 23, 26, 29, 11 Sup. Ct. 876, 35 L. Ed. 613; *Columbus Southern Railway v. Wright*, 151 U. S. 470, 482, 14 Sup. Ct. 396, 38 L. Ed. 238; 27 Am. & Eng. Ency. Law, 927, 928; Id. 942, 944. Our own court has several times passed upon the question of a situs of personal property apart from the owner.—*National Dredging Co. v. State*, 99 Ala. 463, 12 South. 720; *Trammell v. Connor*, 91 Ala. 398, 8 South. 495; *Mayor, etc., Mobile v. Baldwin*, 57 Ala. 61, 29 Am. Rep. 712.

The principles on which this character of tax has been sustained are, first, that it lies within the power of the state to separate the situs from the ownership of personal property, as to that class of personal property which is so continuously kept and used in the state as to render it just that it should bear a part of the burden of taxation; and, second, that although no particular car can be said to have an abiding place in the state, yet at all times the company has substantially the same number of cars in the state, and that average number forms a proper basis of taxation.—*Pullman Car Company v. Pennsylvania*, 141 U. S. 26, 11 Sup. Ct. 876, 35 L. Ed. 613. Under these principles, doubtless, it would be within the power of the supreme legislative department of the state, in fixing the situs of this class of prop-

erty and providing for its assessment, to make provision for municipal taxation as well as for county taxation. In the general law on this subject, our Legislature has not made any provision for taxation of rolling stock by cities and towns. Indeed, it would be difficult to say that, because a certain number of cars are continuously in the state, a proportionate number would be continuously in any city or town in the state. The conditions of business are so different—one city or town having industries in which it would detain a number of cars continuously, while in another the cars merely pass through, and in small numbers—that it would seem that only a deliberative body should be charged with the duty and responsibility of making such a distribution.

Coming to section 45½ of the charter of the city of Bessemer, the writer of said section seems to have realized the impossibility of complying with section 216 of the Constitution; for under our statute, by which the state board ascertains the value of the entire rolling stock in the state, it is impossible to tell just what value was placed upon the cars which passed through Bessemer, "for state taxation, during the preceding year." It is true the Auditor had certified to the tax assessor of Jefferson county, the proportionate value of such property taxable in said county; but what would be a proper proportion of that sum between the various cities and towns in that county the state board has not decided, and there is no rule by which the tax assessor can ascertain it. To authorize a tax assessor to fix the value of the property "at as nearly the same rate as the state board as he can" is not a compliance with section 216 of the Constitution. Consequently said section 45½ of said charter is void, and there was no error in the refusal of the court to admit the testimony showing the assessments in Jefferson county.

28 R.

As to the assignments on the refusal of the court to give judgment for the plaintiff, because of refusal to answer some of the interrogatories propounded to the defendant, it is sufficient to say that, even if the testimony sought was pertinent and legal, the statute gives the court the discretion as to which of the several courses pointed out it shall adopt, and does not give the party propounding the interrogatories the absolute right to a judgment. Section 4055, Code 1907; *Culver, Adm'r, v. Alabama Midland Railway*, 108 Ala. 330, 334, 18 South. 827.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.