[Russell v. Bush.]

# Russell v. Bush.

## Assumpsit.

(Decided February 10, 1916.   Rehearing denied March 30, 1916.
71 South. 397.)

1 Pleading; Conclusion.—Where the action was for commissions for the sale of defendant's property to the government, a plea setting up that plaintiff in making the sale resorted to lobbying to bring personal influence to bear on the officers so as to render the contract voidable at the election of the government, states conclusions and not the facts relied on as is required by § 5330, Code 1907.

2. Same; Sufficiency.—A plea addressed to the whole complaint is subject to demurrer if not a complete answer to every count. .

3. Brokers; Completion of Contract; Commission.—Where plaintiff negotiated a sale of defendant's property to the government, but the title was defective, and it was agreed that the government should condemn the land, and that the price agreed upon at the sale should be found as the value of the land, and such agreement was carried out, and the amount paid to defendant, the transfer was not voidable by the government at its option, even though plaintiff used improper influence to induce the sale; the judgment becoming final by the payment, and defendant could not resist an action for plaintiff's commission by a plea that plaintiff had used improper means to influence the government to enter into the contract.

4. Eminent Domain; Right of Appeal; Estoppel.—Where the party condemning takes possession and pays the award, he is estopped from objecting to the proceedings, and waives his right of appeal.

5. Work and Labor; Partial Performance; Right of Recovery.—Although recovery cannot be had under a special contract without showing a substantial performance thereof, yet where a partial performance has resulted in benefits accepted by the other party, and the contract was abandoned by mutual consent or was rescinded or extended by some act or failure of defendant, a recovery may be had therefor upon a quantum meruit for the value of the work performed or services rendered.

6. Evidence; Documentary; Failure to Produce—Under § 4058, Code 1907, a non suit cannot be properly rendered against plaintiff for a failure to produce a letter where no notice to produce was given, and it appeared that he had destroyed the letter even though it was done to avoid the necessity of producing it, as such relief can only be granted when the document, to produce which the notice was given, was in court or in the possession of one of the parties before the court.

7. Discovery; Statutory Proceeding.—Under § 4055, Code 1907, it is within the discretion of the court to select any one of the three penalties therein provided, and it is not error to refuse a motion insisting that a non suit be entered.

8. Evidence; Presumption; Destruction of Evidence.—Where it appeared that plaintiff intentionally destroyed a letter concerning which he was in-

[Russell v. Bush.]

terrogated, there was a strong presumption that its contents were detrimental to his cause, and he cannot introduce secondary evidence of its contents to rebut such presumption.

9. **Same; Secondary; Materiality.**—Where plaintiff intentionally destroyed a letter to avoid producing it in court, claiming that it contained private matters not related to the case, it was error for the court to sustain objection to the question as to the contents of the letter, so as to require plaintiff to state only so much of the contents as related to the issue on trial, as that left to the witness the determination as to the materiality of the evidence.

10. **Trial; Province of Court and Jury.**—The relevancy and competency of the evidence is for the court, its credibility and weight for the jury.

11. **Appeal and Error; Review; Questions Raised Below.**—The ruling of the court will not be reviewed where defendant stated no reason for objecting to the exhibition by plaintiff's attorney to plaintiff of his answer to interrogatories.

12. **Same; Volunteered Statement.**—Where a witness was shown his former deposition and asked whether he had made a copy of a certain letter, and he then volunteered to state the contents of the letter, an objection to the question does not present for review the matter of the volunteered statement in the absence of an objection thereto or a motion to exclude.

13. **Evidence; Secondary; Preliminary Question.**—It was not error to overrule objection to a question asked plaintiff as a witness whether he had made a copy of a letter which he destroyed to avoid producing it in court.

14. **Trial; Reception of Evidence.**—Where counsel for defendant offered answers to interrogatories in evidence, but withdrew them before they were read to the jury, no instruction to disregard such evidence was necessary.

APPEAL from Mobile Circuit Court.

Heard before Hon. NORVELLE R. LEIGH, Special Judge.

Assumpsit by Albert P. Bush against Julia F. Russell to recover broker's commissions on the sale of real estate. Judgment for plaintiff and defendant appeals. Reversed and remanded.

See also 180 Ala. 590, 61 South. 373.

HARRY T. SMITH & CAFFEY, and GREGORY L. SMITH, for appellant. STEVENS, MCCORVEY & MCLEOD, for appellee.

THOMAS, J.—On the former appeal the law of this case was stated (*Bush v. Russell*, 180 Ala. 590, 61 South. 373), and defendant's pleas 5 and A were held insufficient.

(1) At the last trial the same matter of defense was stated as follows: "A. The plaintiff's said cause of action as sued upon in the complaint is based upon the written contract entered into by and between the plaintiff and the defendant which was fully described in the third count of the plaintiff's complaint and to

which reference is now made, and a part of the consideration for the promise which was sued upon was a promise on the part of the plaintiff to assist the defendant in her efforts to sell to the United States government the property on the northwest corner of St. Joseph and St. Michael streets, and it was one of the implied stipulations of said contract that the plaintiff in rendering such assistance would not resort to such unlawful methods as would render said sale voidable at the election of the United States government; but the defendant avers that, instead of complying with said conditions of said contract, the plaintiff resorted to lobbying in order to bring personal influence to bear upon the officers of the United States government in making such purchase in such manner as to render such contract voidable at the election of the United States government."

The point is well taken by demurrer that the allegation, in this plea, that plaintiff's acts in making said sale were such as to render said contract voidable at the election of the United States government, was in effect a mere legal conclusion, and was not "a succinct statement of the facts relied on," as required by section 5330 of the Code. The authorities on this point were collected by Mr. Justice SOMERVILLE, in *Phoenix Ins. Co. v. Moog*, 78 Ala. 284, 301, 56 Am. Rep. 31, to which may be added *Tennessee, etc., Co. v. Herndon*, 100 Ala. 451, 456, 14 South. 287; *Kolsky v. Enslen*, 103 Ala. 97, 100, 15 South. 558; *Johnson v. Ry. Co.*, 104 Ala. 241, 16 South. 75, 53 Am. St. Rep. 39; *Lawton v. Ricketts*, 104 Ala. 430, 436, 16 South. 59; *St. Louis, etc., Co. v. Phillips*, 165 Ala. 504, 51 South. 638; *Mobile Elec. Co. v. Sanders*, 169 Ala. 341, 351, 53 South. 176, Ann. Cas. 1912B, 461.

Without a statement of the facts relied on to defeat plaintiff's suit, how could the plaintiff know what the real defense was? The plea fails to disclose what act or acts of the plaintiff rendered the contract voidable at the election of the government. It cannot be said that the allegation, that "plaintiff resorted to lobbying in order to bring personal influences to bear upon the officers of the United States government," was sufficiently specific to point out the officers so sought to be influenced, or to amount to an averment that an officer of the United States government having the authority at the time to determine the site of the post office in Mobile was influenced by an improper act of the plaintiff to locate the post office on defendant's lot. It would have been impossible for the plaintiff to prepare to meet such a defense.

The defendant, by her plea, declined to give this specific information relied upon, preferring rather to state her conclusion that the contract of sale was voidable at the instance of the United States government, because of the existence of facts, known to her.

(2) It is fundamental that, if a plea is directed to the whole complaint, it must be a complete answer to every separate count thereof; if pleaded to less than the whole complaint, it must be a complete answer to the count or counts to which it purports to reply. Failing in this, it is subject to demurrer; for a plea must go as far as it professes to go.—1 Chitty, Pl. 476; Arch. Civ. Pl. 168, 173; Gould's Pl. 159, c. 4, § 6; Id. c. 6, §§ 98-9; Stephen's Pl. (Tyler) pp. 215, 216; Heard's Civ. Pl. 161; *Adams v. McMillan, Ex'r*, 7 Port. 73; *Deshler v. Hodges*, 3 Ala. 509; *Standifer v. White*, 9 Ala. 527; *Mills v. Stewart*, 12 Ala. 90; *White v. Yarbrough*, 16 Ala. 109; *Tomkies v. Reynolds*, 17 Ala. 109; *Wilkinson v. Moseley*, 30 Ala. 562; *Galbreath v. Cole, et al.*, 61 Ala. 141; *Foster v. Napier*, 73 Ala. 595; *Werth v. M. L. & I. Co.*, 89 Ala. 374, 7 South. 198; *Smith v. Dick*, 95 Ala. 311, 10 South. 845; *First Nat. Bank of B'ham v. First Nat. Bank of Newport*, 116 Ala. 520, 22 South. 976; *Snedecor v. Pope*, 143 Ala. 275, 39 South.

(3) The complaint contains four counts. The first is on account; the second is for work and labor done; the third is a special count upon the contract therein set forth at length, in which the defendant conditionally agreed to pay the plaintiff for service to be rendered in assisting her to sell certain of her properties to the United States government, and the performance of the service by plaintiff, and the happening of the contingency upon which the agreement to pay the $30,000 was based, are alleged; and the fourth is a special count upon the same contract, but alleging more in detail the things done by appellee in performing his promise to assist appellant in her efforts to sell to the United States certain property which she owned. Among other things, it is alleged in this count that, after appellee had succeeded in having the United States to select and agree to purchase said property upon the condition that the title be found to be satisfactory, the officials of the United States government in charge of the matter decided that defendant's title was defective; that it was then agreed by all the parties at interest that the United States should condemn the property as a site for the post office building; and that in the condemnation proceedings

[Russell v. Bush.]

the value of the property should be fixed at the amount which the United States had agreed to pay therefor and which appellant had agreed to accept therefor. It is further alleged that condemnation proceedings were instituted and prosecuted to a final decree condemning the property without objection on the part of the defendant, the value being fixed at the amount for which she had agreed to sell, which amount was paid by the United States, to her, in pursuance of said condemnation proceedings; and that appellant then conveyed the said property to the United States pursuant to the decree.

This condemnation was instituted and conducted in the proper court, as a convenient method of taking over the defendant's property according to the agreement of purchase, and of curing any possible defect in defendant's title thereto; at the same time its actual and legal result was a final judgment of condemnation of the property, by a court of competent jurisdiction, rendered at the instance of the United States government against the defendant and said property. A final judgment of such character not appealed from, procured by, and acquiesced in by, the United States government, and fully satisfied by the payment on its part of the damages or purchase price so assessed and adjudged, could not thereafter be disturbed nor vacated. The judgment, being in all things regular and final, precluded inquiry into the preliminary negotiations. The plaintiff may have resorted to lobbying, in the initial proceedings, to bring the property to the attention of the government authorities, and so might have caused an executive officer of another department of the government to suggest such condemnation of the defendant's real property; and yet the United States, by resort to this extraordinary power of government, had taken defendant's said property for its legitimate needs, paid the damages therefor as determined by the rules of law governing such cases, and the defendant owner had received said damages so assessed for the condemned property. Thereafter the United States had no right of appeal or of review, and no right of rescission, for all the negotiations and incidents of purchase, together with the agreement, were merged into the binding judgment, and the judgment was fully discharged, and, so far as the pleadings disclose, the defendant was enjoying the full benefits of plaintiff's services, and no effort on the part of the United States government was being made, or even threatened, to disturb the enjoyment of the proceeds of the condemnation proceedings.

(4) In Lewis on Eminent Domain, vol. 2, § 783, it is declared that if the party condemning takes possession of the property under the proceedings (*Wilmington & Susq. R. Co. v. Condon,* 8 Gill & J. [Md.] 443), or pays the damages awarded (*Marquette, H. & O. R. Co. v. Probate Judge,* 53 Mich. 217, 18 N. W. 788), this will constitute an estoppel from prosecuting objections to the report or the proceedings, and a waiver of the right of appeal. On the same principle, in *Endicott Petitioners,* 24 Pick. (Mass.) 339, it is held that an acceptance of the sum awarded or decreed as damages will preclude an appeal by the defendant in condemnation.—Elliott, App. Prac. § 150; *People v. Mills,* 109. N. Y. 69, 15 N. E. 886; *Felch v. Gilman,* 22 Vt. 38; *Hawley v. Harrall,* 19 Conn. 142; *F. W. I. Co. v. Chicago Co.,* 11 Tex. Civ. App. 600, 33 S. W. 159; *Matter of Woolsey,* 95 N. Y. 135; *Schatz v. Pfeil,* 56 Wis. 429, 14 N. W. 628; *Holland v. Spell,* 144 Ind. 561, 42 N. E. 1014; *Test v. Larsh,* 76 Ind. 452; *Byer v. New Castle,* 124 Ind. 86, 24 N. E. 578; 1 Elliott on Streets and Roads, § 305. In his Appellate Procedure (section 151), Judge Elliott says: "It will be observed that, in the cases in which it has been held that an estoppel exists, the act necessarily affirmed the validity of the judgment. Thus, where a party accepts money or property awarded him by a judgment, he concedes the validity of the judgment, since it is by virtue of the judgment that he obtains the money or property."

In *Holland v. Spell, supra,* Chief Justice Hackney, observes: "We can conceive of no good reason why he should, in good conscience, be permitted to receive all the benefits of the (condemnation) proceeding, and, while holding them, deny that the proceeding is effectual to create the burden corresponding to such benefit."

In *Garrison v. New York,* 21 Wall. (U. S.) 196, 203, 204, 22 L. Ed. 612, the court says: "In the proceedings to condemn the property of the plaintiff for a public street, there was nothing in the nature of a contract between him and the city. The state, in virtue of her right of eminent domain, had authorized the city to take his property for a public purpose, upon making to him just compensation. All that the Constitution or justice required was that a just compensation should be made to him, and his property would then be taken whether or not he assented to the measure."

It follows therefore that plea A was no answer to the fourth count of the complaint.

(5) Although recovery upon the special contract cannot be had without showing substantial performance, yet where a partial performance has resulted in benefits that were accepted by the other party, and the contract was abandoned by mutual consent or was rescinded or extended by some act or failure of the defendant, a recovery may be had therefor under a quantum meruit, for the value of the work performed or services rendered. —2 Greenl. Ev. (16th Ed.) § 104, and authorities; *Thomas, et al. v. Ellis, et al.,* 4 Ala. 108; *Merriweather v. Taylor,* 15 Ala. 735; *Hawkins v. Gilbert,* 19 Ala. 54; *Kirkland v. Oates,* 25 Ala. 465; *Davis v. Badders & Britt,* 95 Ala. 348, 10 South. 422; *Florence Gas Co. v. Hanby, Rec'r,* 101 Ala. 15, 13 South. 343; *Watson v. Kirby & Sons,* 112 Ala. 436, 20 South. 624; *Martin v. Massie,* 127 Ala. 504, 29 South. 31; *Aarnes v. Windham,* 137 Ala. 513, 34 South. 816; *Matthews v. Farrell,* 140 Ala. 298, 311 37 South. 325; *Higgins Mfg. Co. v. Pearson,* 146 Ala. 528, 40 South. 579; *Walstrom v. Oliver-Watts Const. Co.,* 161 Ala. 608, 50 South. 46; *Smith v. Sharpe, et al.,* 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; *Dees v. Self Bros.,* 165 Ala. 225, 51 South. 735. In *Montgomery County v. Pruett,* 175 Ala. 391, 57 South. 823, 824, this court declared that a plea setting up the plaintiff's breach of a special provision of the contract is not "a sufficient answer to the common counts, though it may be to a count on the contract." It follows that a plea setting up an implied condition of the contract is no answer to the common count for services rendered.

Appellant's next assignment of error challenges the ruling of the court in declining to compel the plaintiff, Bush, as a witness, to give the contents of a letter that had been destroyed, and in refusing defendant's motion for a nonsuit, because of Bush's failure to set out the letter in extenso in his response to interrogatories propounded to him under the statutes.

(6) The court may, on motion and due notice, on the trial of actions at law, require the parties to produce books, documents, or writings in their possession, custody, control, or power, which contain evidence pertinent to the issue, in cases and under circumstances, where they might be compelled to produce the same by the ordinary rules of procedure in chancery.—Code 1907, § 4058. If a plaintiff fails to comply with such orders, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit, and, if the defendant fails to comply with the

order, the court may on motion give judgment against him by default.—Code, § 4058. Before the passage of this statute, it was held that a court of law could not compel production but courts of equity might.—*V. & A. Min. Co. v. Hale & Co.*, 93 Ala. 542, 9 South. 256; *Golden v. Conner*, 89 Ala. 598, 8 South. 148. In *Sherrill v. Merchants' & Mechanics' Trust & Savings Bank*, 195 Ala. 175, 70 South. 723, this court held that the plan of the statute must be followed, to entitle one to its benefits; and that it must be made to appear that the subjects of the notice to produce were in court or in the possession of one before the court. —*McDuffee v. Collins*, 117 Ala. 487, 23 South. 45.

In the case before us the record does not contain a "motion and due notice thereof'" to require the party to produce the letter under section 4058 of the Code. The question for decision arose on the cross-examination of the plaintiff, Bush, while a witness in his own behalf. He was asked by defendant's counsel for certain letters and telegrams received and sent, as to the proposed post office site. The witness admitted that he had sent a telegram to one Armbrecht, and exhibited a copy thereof to counsel. He was then asked: "Will you produce the letter that you received from Mr. Armbrecht?" Witness answered: "No, sir; I could not do it." When asked what he did with the letter, witness answered: "It has been destroyed. There were some matters of a personal nature in that, that had no bearing on this proposition." When questioned as to the date of its destruction, witness answered to the effect that he "could not even approximate it." Counsel then asked: "Don't you know it was, Mr. Bush, * * * you destroyed that letter when I propounded interrogatories calling for it? * * * Was that when I called on you to produce Armbrecht's letters, you tore them up and destroyed them?" Witness answered: "That one letter, yes; I declined to produce it. There were one or two matters of a personal nature in that letter." When asked, "Tell us the contents of that letter, please," witness answered, "No, sir." The defendant then moved the court to compel the witness to give the contents of the letter from start to finish. The plaintiff interposed an objection to this, and, the objection being sustained, defendant excepted, and here assigns this ruling as error. The court, however, then stated that the witness could detail the contents of the letter relating to the case, but not matters of a personal nature.

Obviously, the letter could not have been produced, upon motion and due notice for its production, under the terms of the statute; since the witness stated that "it was destroyed for the purpose of preventing my having it here in this trial."

, (7) The defendant thereupon moved the court to enter a nonsuit or a dismissal of the cause, on the ground that the defendant had propounded interrogatories to the plaintiff in October 31, 1910, amongst other things calling for the contents of a copy of a letter from Wm. H. Armbrecht to the witness, referred to in the telegram just read, from Mr. Bush to Mr. Armbrecht, and "it now appears from Mr. Bush's testimony that he deliberately destroyed that letter to prevent revealing its contents in answer to those interrogatories, and did so without keeping a copy of that portion thereof which related to this matter, or reciting the contents even so far as that part which related to this matter was concerned." The court overruled the motion, and the defendant excepted. This ruling is assigned as error.

By section 4055 of the Code of 1907, when the answers to interrogatories propounded under the statute "are not full, or are evasive," the court may either (1) attach the party and cause him to answer fully in open court, or (2) tax him with so much of the costs as may be just, and continue the cause until full answers are made, or (3) direct a nonsuit or judgment by default, or enter such degree as would be appropriate if such defaulting party offered no evidence. The court has the discretion which mode to adopt in order to compel full and direct answer.—*Goodwin v. Harrison,* 6 Ala. 438; *Pool v. Harrison,* 18 Ala. 514; *Ex parte Grantland,* 29 Ala. 69; *Ex parte McLendon,* 38 Ala. 276; *Culver v. Ala. Mid. Ry. Co.,* 108 Ala. 330, 18 South. 827. A movant cannot deprive the court of this discretion by limiting his motion to the request for a nonsuit. Whenever the motion so limits the action of the court, it may be refused, even though the trial judge may believe the party against whom the motion is directed was in default and should be compelled or punished by one or the other of the methods provided in the statute. In short, the court, in its discretion, may pursue any one of the three courses provided by the statute, and no error can be predicated upon the refusal of a motion specifically insisting that the court adopt a particular one of the three alternatives, selected and pointed out to the court therein. The exercise of such discretion is not the subject of review.—*City of Bessemer v. Southern Railway Co.,* 157 Ala. 428, 48 South. 103.

(8) The important question presented by the assignment of errors is the court's failure, on motion of defendant, to compel the witness to state the contents of the letter, that the court might judge of its competency, and not leave it to the witness to "state the contents of the letter as relating" to the issue on trial.

In *Broadwell v. Stiles,* 8 N. J. Law 58, the Chief Justice declared that the fact of destruction excites suspicion and unfavorable presumption, and that he who voluntarily, without mistake or accident, destroys primary evidence, thereby deprives himself of the production and use of secondary evidence; that to admit such evidence "under such circumstances is as repugnant to principle as to deny a party the cross-examination of the witness of his adversary."

In *Juzan, et al. v. Toulmin,* 9 Ala. 662, 691, 44 Am. Dec. 448, this court declared, touching the admission of secondary evidence, that "if any suspicion hangs over the instrument, or that it is designedly withheld, a rigid inquiry should be made into the reasons of its nonproduction" before secondary evidence will be admitted of its contents.—*Agee v. Messer-Moore, etc., Co.,* 165 Ala. 291, 51 South. 829.

An unfavorable inference may be drawn against one who suppresses or destroys evidence. A familiar illustration given of this presumption is found in the case of *Armory v. Delamire,* 1 Stra., 504; s. c., 93 Eng. Reprint, 664. Commenting thereon, Mr. Justice Sherwood (*Pomeroy v. Benton,* 77 Mo. 64, 87) said: "It is easy to see that the chimney sweep's boy would have been in but a sad case, if he had been required to show by 'secondary evidence' what the contents of the empty socket were; something which he knew not; something which the spoliating defendant alone knew."

So in 1 Phillips' Evidence (3d Ed.) 422, the author says it is held in the *Queen's Case* (*Vincent v. Cole,* M. & M. 258) that it is not allowable, on cross-examination, in the statement of a question to a witness, to represent the contents of a leter, and to ask the witness whether he wrote a letter to any person with such contents, or to the like effect; because the counsel might thus put the court in possession of a part only of the contents of a written paper. In *Winchell, et al. v. Edwards, et al.,* 57 Ill. 41, 49, it is stated that when a person is proved to have suppressed any species of evidence, or to have defaced or destroyed any written instrument, a presumption will arise that, if the truth

had appeared, it would have been against his integrity, and that his conduct is attributable to his knowledge of the circumstances. The general rule is, Omnia præsumuntur contra spoliatorem.— 1 Phillips on Ev. c. 10, p. 602, 2 Note 177 (2) 1 Jones, Ev. §§ 17, 18, 18a; 1 Wigmore, Ev. 278, 291; 2 Chamberlayne, Ev. 1070 A. Mr. Greenleaf (Ev. [16th Ed.] vol. 3, § 34) says that the presumption in such cases "is strong against the party," but is not conclusive, "because innocent persons, under the influence of terror from the danger of their situation, or induced by bad counsel, have sometimes been led to the simulation or destruction of evidence. But the burden of proof in these cases is on the party to explain his conduct to the satisfaction of the jury." —1 Greenl. Ev. (16th Ed.) § 37; Best on Presumptions, §§ 145, 149. In *Kyle v. Slaughter,* 158 Ala. 109, 48 South. 343, where the question of inquiry was the effect of a proviso under a certain deed, Mr. Justice Anderson said:

"If the deed contained this clause, its preservation by A. H. Slaughter would have established beyond dispute his title to the property and his right to convey it to his second wife. Sane and reasonable people do not, as a rule, destroy evidence favorable to the establishment of their own title. A party who destroys the evidence by which his claim or title may be impeached thereby raises a strong presumption against the validity of his claim."

Though there was no formal motion to produce the letter, the record shows that, when testifying as a witness in his own behalf, and cross-examined by defendant's counsel, Bush was producing his correspondence with many parties relating to the location of the post office on Mrs. Russell's lot; that a copy of a telegram from him to Armbrecht showed that the letter in question had been received and that it was important. At this point witness was asked by defendant's counsel to repeat the contents of the letter received from Armbrecht; but witness declined to do so. It was made clear to the court that the plaintiff had destroyed the letter, to prevent being required to produce it on the trial, and that it was destroyed after defendant had propounded, under the statute (Code, §§ 4049, 4057), interrogatories to the plaintiff, Bush, and after the latter had prepared his answers thereto.

If the presumption is against one who suppresses or destroys documentary evidence, and such party may not introduce secondary evidence of the contents of the paper, it is also true that

the opposite party may show its contents, to support the unfavorable presumption that the jury may draw from its suppression or destruction. This may be shown by the testimony of any competent witness knowing its contents.

(9, 10) In this case the defendant sought to establish the contents of a letter, by requiring the recipient to state to the court what the letter contained, to the end that is relevancy might be passed on by the court. The court required the witness to detail only such portion of the contents of the letter as the witness deemed relevant to the issue. This was permitting the witness to pass upon the relevancy of the testimony.—1 Jones, Ev. §§ 173, 174; *De Graffenreid v. Thomas,* 14 Ala. 681; *Western Un. Tel. Co. v. Rowell,* 153 Ala. 295, 315, 45 South. 73; *Dominick v. Randolph,* 124 Ala. 557, 27 South. 481. The judge passes upon the admissibility, materiality, or relevancy, of the evidence offered; the jury decides upon the weight of the evidence. The judge passes upon the competency of evidence and of the witnesses.— *Dominick v. Randolph, supra.* The jury passes upon the credibility of the witnesses.—*Venable v. Venable,* 165 Ala. 621, 51 South. 833.

After service on plaintiff of the interrogatories propounded under the statute, calling for the correspondence, the plaintiff cannot successfully maintain that the document called for in the interrogatories and destroyed by him was not material evidence, or that he had disclosed the material portions thereof. Nothing short of the judgment of the court upon the relevancy of the contents of the letter will satisfy the reason for the rule of the authorities we have cited. For this error of the trial court in substituting the judgment of the witness for that of the court, touching the materiality of portions of documentary evidence, the cause is reversed.

(11) The fifth and sixth assignments of error challenge the ruling of the court allowing the plaintiff's attorney to exhibit to plaintiff, as a witness, his answers to interrogatories which had been propounded to him by the defendant. The defendant, objecting to this ruling, assigned no reasons for the objection. There is, then, nothing for us to review.—*Rutledge v. Rowland,* 161 Ala. 114, 123, 49 South. 461; *B. L., L. & P. Co. v. Landrum,* 153 Ala. 200, 45 South. 198, 127 Am. St. Rep. 2'; *L. & N. R. R. Co. v. Banks,* 132 Ala. 471, 31 South. 573; *Williams v. Gallyon,* 107 Ala. 443, 18 South. 162.

[Russell v. Bush.]

(12) Aside from this, no error was committed. Assignment of error numbered 5 asserts that the trial court erred in thus permitting the plaintiff, while a witness, to be shown his answers to the interrogatories theretofore propounded by defendant; and assignment numbered 6 is predicated upon the court's permitting plaintiff, as a witness, to refresh his recollection by inspecting his answers to said interrogatories.—*Riley v. Fletcher*, 185 Ala. 570, 64 South. 85; *Council v. Mayhew*, 172 Ala. 295, 55 South. 314; *B. R., L. & P. Co. v. Seaborn*, 168 Ala. 658, 53 South. 241; *Acklen v. Hickman*, 63 Ala. 494, 35 Am. Rep. 54; *Mims v. Sturdevant*, 36 Ala. 636; *Bondurant v. Bank*, 7 Ala. 830; 1 Greenl. Ev. (16th Ed.) 543, § 439, C. The exhibition of the interrogatories to witness was not for the purpose of refreshing his recollection as to the contents of the letter or of his former deposition, but on the question whether the witness had made such a copy of the letter or extracts therefrom. No part of the contents of the letter or deposition was called for by the question propounded. When, however, the witness had answered, and volunteered to give the substance of the letter, the defendant should have interposed an objection, or a motion to exclude, as to so much of the answer as was not responsive. The defendant, failing in this, cannot now maintain that prejudicial error was committed.— *Phoenix Ins. Co. v. Moog*, 78 Ala. 284, 308, 56 Am. Rep. 31; *B. R., L. & P. Co. v. Barrett*, 179 Ala. 274, 290, 60 South. 262; *Forrester v. May*, 3 Ala. App. 281, 57 South. 64.

(13) The seventh assignment of error is based on the action of the court in overruling defendant's objection to the following question propounded to plaintiff as a witness, by his counsel: "You were asked the question as to whether or not, at or prior to the time of the destruction of this letter of Mr. Armbrecht, you made any copy of that part of it which related to this case. Now, I ask you whether or not you had made, or had the substance of that letter in so far as it related to the post office site matter."

The question went no further than to ask whether or not a memonrandum of the substance of the letter, in so far as it related to the post office site, had been made by witness, or at his request—which was competent.

(14) The eighth assignment of error is to the overruling of defendant's objection to the introduction by the plaintiff of that portion of his answers, and the interrogatories propounded by

the defendant, which had been shown plaintiff as a witness. The bill of exceptions expressly states that the part of the answers so offered in evidence was never read to the jury. Later, plaintiff's counsel stated to the court that he would withdraw the offer of that part of the answers to the interrogatories which had been offered in evidence by the plaintiff and which had reference to the letter which had been destroyed. The testimony so erroneously offered (*Acklen's Ex'r v. Hickman, supra; Riley v. Fletcher, supra*) not having been read to the jury, there was no reason why the court should instruct the jury on its withdrawal. They did not know its contents and could not have been prejudiced by the erroneous admission as evidence, of the deposition. If, however, the document had been read to the jury and subsequently withdrawn, appellant would have been entitled to some specific instruction by the court to the jury, on its exclusion, that they should in no wise consider the testimony so withdrawn, in reaching a verdict. No rule of common sense would require that the jury be so instructed touching a matter of testimony that had not in fact come to their knowledge. The question here presented, on the exclusion of evidence erroneously admitted, is not the same as that in *Florence Cotton & Iron Co. v. Field*, 104 Ala. 471, 480, 16 South. 538, on which this court declared the rule.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. GARDNER, J., not sitting.