(117 So. 912)

## NATIONAL LIFE & ACCIDENT INS. CO. v. BLEVINS. (6 Div. 375.)

Court of Appeals of Alabama. June 26, 1928.

Rehearing Denied Aug. 7, 1928.

F. D. McArthur, of Birmingham, for appellee.

Jacobs & Carmack, of Birmingham, for appellant.

RICE, J. This is an appeal from a judgment in appellee's favor in a suit by her on a policy of life insurance issued by appellant on the life of one Lucinthia Duncan, deceased; the said appellee being the beneficiary named in said policy. But two questions are presented for our consideration.

First, appellant complains that the judgment should be reversed, because of the action of the trial court in overruling its motion to postpone the trial of the cause, at the time the same was reached on the docket and called for trial, on the ground of the failure of appellee to have on file answers to the interrogatories theretofore propounded by it to her under Code 1923, § 7764. It was without dispute that more than 60 days had elapsed since due service of a copy of these interrogatories had been made on appellee's attorney of record. Code 1923, § 7765.

Two answers occur to us to appellant's argument here for a reversal on the ground stated:

(a) Section 7770 of the Code provides three separate and distinct remedies the trial court *may* apply when answers to interrogatories propounded under the statute "are not filed." The court has the discretion to take any one of the three courses it may see fit, and a movant cannot deprive the court of this discretion by limiting his motion to the "request for continuance." Whenever the motion so limits the action of the court, it may be refused, even though the trial judge may believe the party against whom the motion is directed was in default, and should be compelled or punished by one or the other of the methods provided in the statute. In short, the court, in its discretion, may pursue any one of the three courses provided by the statute, and no error can be predicated upon the refusal of a motion specifically insisting that the court adopt a particular one

of the three alternatives, selected and pointed out to the court therein. The exercise of such discretion is not the subject of review. Russell v. Bush, 196 Ala. 309, 71 So. 397.

■ (b) Or perhaps a better answer to appellant's argument for error to reverse, in the regard under consideration, is contained in the suggestion by the learned trial court, from the bench, at the time of overruling appellant's motion to continue the cause, viz. that appellant had "overslept its rights." Section 7773 seems to be new to the Code of 1923, and, so far as we are advised, its provisions have not heretofore been construed by the Supreme Court, or by this court. But a careful reading of same convinces us that it intends to, and does, provide an exclusive method by which a party litigant can place squarely upon the trial court the duty of taking *some* action when the opposite party has not filed answers to interrogatories duly propounded. Appellant here, not having availed itself of the provisions of this section 7773, is in no position to complain of the trial court's failing or refusing to take any action of his own motion, or at his discretion.

■ The only other proposition argued on this appeal is that the judgment should be reversed because of the refusal of the trial court to give at appellant's request the general affirmative charge in its favor. The argument is admittedly (by appellant) technical, and is not easily followed. But, as we understand it, it is that, appellant having filed special pleas admitting the execution and delivery of the policy in question, but setting up that it was void for certain reasons specified in the pleas, and that appellee, instead of, and without, joining issue upon these pleas, filing a special replication, setting up the allegation that appellant waived the matters which it claimed avoided the policy, and that issue being joined upon this replication, it was entitled to have given at its request the general affirmative charge in its favor, because of the fact that no evidence was adduced by appellee to support the averments of her said replication. We cannot agree with its contention.

Without prolonging our opinion it will suffice to say that, as the issue upon which the case was tried was formed, it was incumbent upon appellee to adduce evidence—some evidence—to support her allegation that appellant's duly authorized agents waived the provision in the policy that:

"No obligation is assumed by the company [appellant] * * * unless on said date [the date of issuance of the policy] the insured is * * * in sound health."

We have carefully read the entire evidence, and, without discussing it, state our conclusion to be that it afforded ample basis for the jury to find that the averments of appellee's replication had been proved.

We find no error in the record, and the judgment is affirmed.

Affirmed.