# Kyle, *et al. v.* Slaughter.

## *Ejectment.*

(Decided Nov. 17, 1908.   Rehearing denied Jan. 14, 1909.
48 South. 343.)

*Ejectment; Evidence.*—The evidence in this case stated and examined and held insufficient to sustain the defendant's claim that the deed made to her grantor contained a clause providing for a

reversion to her grantor upon the death of another grantee of her grantor, which deed was claimed to have been lost or destroyed.

APPEAL from Lee Law and Equity Court.

Heard before Hon. ALBERT E. BARNETT.

Ejectmenet by Emma Kyle and others against Francis E. Slaughter. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Both parties claim from common saurce; plaintiffs as the heirs at law of P. J. Slaughter, the first wife of A. H. Slaughter, now deceased. The defendant claims under a subsequent deed from A. H. Slaughter, and assert that the first deed was never delivered, and, if delivered, contained the following clause. "Provided, in case I shall outlive said P. J. Slaughter, the title shall revert back to me." The tendencies of the evidence as to these matters sufficiently appear in the opinion. Plaintiffs made motion in the lower court for a new trial, which was refused, and they assigned this as one of the errors, among others.

GEORGE P. HARRISON, for appellant. The verdict should have been set aside on account of the conduct of a brother of the defendant as shown by the record.— *K. C. M. & B. R. R. Co. v. Phillips,* 98 Ala. 159; *Johnson v. Will,* 138 Mass. 79; *Johnson v. Root,* 2 Cliff. 108; 16 A. & E. Ency of Law, 519. The verdict was clearly against the weight of the evidence and should be set aside.—14 Ency P. & P. 776- 78, and authorities there cited; 16 A. & E. Ency of Law, 554 and authorities there cited.

BARNES & DUKE, for appellee. We are limited on this appeal to the decision of whether or not the court erred in refusing to grant a new trial.—*Cobb v. Malone,* 92 Ala. 630; *Ala. Ry. Co. v. Brown,* 129 Ala. 282. The new

trial was properly refused.—*Anderson v. English,* 121 Ala. 272; *Davis v. Miller,* 109 Ala. 589; *Terst v. O'Neal,* 198 Ala. 250; *B'ham Ry. Co. v. Lindsey,* 140 Ala. 312; *Taylor v. Corley,* 113 Ala. 580; *Dillard v. Savage,* 98 Ala. 598; *Lee v. DeBardleben, C. & I. Co.,* 102 Ala. 628; *Ala. Co. v. Brown,* 129 Ala. 282; *So. Ry. Co. v. Burgess,* 143 Ala. 364; *Western Ry. of Ala. v. Cleghorn,* 143 Ala. 392.

ANDERSON, J.—That A. H. Slaughter executed and delivered to the plaintiffs' mother, before her death, a deed to the property involved, there can be little or no doubt. Indeed, the defendant admits this fact in her evidence, but contends that said deed contained a reversionary clause, in case of the death of the first Mrs. Slaughter, the grantee, before the grantor. It is true this clause is testified to by the defendant, who is more largely interested than any one else; but she is contradicted by every witness who knew anything about the deed, some of whom are absolutely disinterested and are not shown to be even related to any of the parties. Kennedy, the draftsman and one of the subscribing witnesses, was positive that the deed did not contain the clause contended for by the defendant. Lockhart, the other subscribing witness, says he read it over twice and it contained no such clause. Mrs. Kyle testified that she had read the deed and it contained no such clause. True, Mrs. Kyle is interested in the suit; but her interest is not near so great as that of the defendant. We also have evidence by Holly and Mrs. Kyle that A. H. Slaughter set up no claim to the property after the death of his former wife, except a life estate in same as her surviving husband.

Again the inquiry arises: If the deed contained the proviso claimed, why did A. H. Slaughter, who was the

[Kyle, et al. v. Slaughter.]

sole beneficiary under said proviso, destroy the document upon executing the deed to his second wife? If the deed contained this clause, its preservation by A. H. Slaughter would have established beyond dispute his title to the property and his right to convey it to his second wife. Sane and reasonable people do not, as a rule, destroy evidence favorable to the establishment of their own title. A party who destroys the evidence by which his claim or title may be impeached thereby raises a strong presumption against the validity of his claim.— Greenleaf on Evidence, §§ 31, 37; *Thompson v. Thompson*, 9 Ind. 323, 68 Am. Dec. 638; *Jones v. Knauss*, 31 N. J. Eq. 609; *James v. Bion*, 2 Sim. & Stu. Eng. 600.

We fully recognize and sanction the often-repeated rule of this court: "The decision of the trial court, refusing to grant a new trial on the ground of insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." We think the great preponderance of evidence in this case is so contrary to the verdict as to clearly convince us that an injustice has been done the appellants, and that it is our imperative duty to reverse this cause because of the refusal of the trial court to grant a new trial.

Reversed and remanded.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.