(75 South. 316)

## McCLEERY v. McCLEERY. (1 Div. 951.)

(Supreme Court of Alabama. April 26, 1917.)

1. TRIAL ☞139(1)—QUESTION FOR JURY—MOTION TO EXCLUDE EVIDENCE.

Where there is even a modicum of legal evidence before the jury, a motion to exclude all of plaintiff's evidence is improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341.]

2. EVIDENCE ☞78 — PRESUMPTIONS — OPERATION AND EFFECT — PRESUMPTION AGAINST SPOLIATOR.

In statutory ejectment, plaintiff's evidence tending to show that the conveyance sustaining his action was in form a deed, bearing certain signatures, that it was a deed, and had been delivered to him, and that he was named as grantee therein, etc., together with evidence that defendant had purposely destroyed or caused to be destroyed such instrument, made a prima facie case, since the rule of presumption against the spoliator was applicable.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 98, 100.]

3. EVIDENCE ☞78 — PRESUMPTION — SPOLIATION OF EVIDENCE.

Against a party who has purposely and wrongfully destroyed documentary evidence that

the spoliator knows is pertinent and material to the interest of his opponent, whether an action is then pending or not, a rebuttable presumption arises unfavorable to the spoliator, such rule being the result of common experience and judgment that men will not ordinarily destroy evidence beneficial to themselves, and that it is proper to attribute to the spoliator a prima facie knowledge on his part that the truth manifested by the instrument would operate against him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 98, 100.]

4. EVIDENCE ☞78 — PRESUMPTION — SPOLIATION OF EVIDENCE.

The measure and quality of the evidence descriptive of the instrument necessary to afford the bases for an application of the presumption against the spoliator are that there should be presented, by him whose right or interest is supposed to be prejudiced by the destruction of the instrument, evidence of a general character, reasonably calculated to invite the conclusion that an instrument of the type in question existed, and that it was purposely destroyed or caused to be destroyed by the alleged spoliator, and strict proof of the contents of such an instrument, so destroyed, is not required, for if a higher degree of proof were to be exacted, the rule of the maxim would be without practical service.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 98, 100.]

5. EJECTMENT ☞95(3)—BURDEN OF PROOF.

Where plaintiff in statutory ejectment showed he was one of the heirs at law of his parents and had been excluded from the enjoyment of the common inheritance by his defendant brother, he made a prima facie showing of his tenancy in common, throwing the burden on defendant to bring forward evidence of a conveyance to him to justify such exclusion.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 284.]

Appeal from Circuit Court, Mobile County; Samuel B. Browne, Judge.

Action by Robert J. McCleery against William H. McCleery. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Hogan & Steele, of Mobile, for appellant. Sullivan & Stallworth, of Mobile, for appellee.

McCLELLAN, J. [1] Statutory ejectment, brought by Robert J. McCleery, appellant, against William H. McCleery, appellee. The property in question is a residence lot in Mobile. These parties are brothers; children of Robert McCleery and his wife, Mary J. McCleery, both of whom were dead when this action was instituted. The property belonged to the father in his lifetime; was his homestead. The plaintiff (appellant) claims title through a conveyance of the property made to him by his parents in 1903. The defendant (appellee) claims (according to the opening statement of his counsel) title through a conveyance to him from their mother; she having derived her title through a conveyance by her husband, the father of these parties. Upon the conclusion of the evidence introduced by the plaintiff, the court granted the defendant's motion to exclude all of the evidence on the theory that the

plaintiff had failed to discharge his obligation to make out a prima facie case; and, after granting this motion, the court gave the general affirmative charge for the defendant. This court has recently repeatedly reprehended the practice of entertaining, much less granting, a motion to exclude all of the plaintiff's evidence, when there was even a modicum of legal evidence before the jury. McCray v. Sharpe, 188 Ala. 375, 66 South. 441; W. U. Telegraph Co. v. Appleton, 190 Ala. 283, 67 South. 412; L. & N. R. R. Co. v. Bouchard, 190 Ala. 157, 67 South. 265, 268; Athey v. T. C., I. & R. Co., 191 Ala. 646, 68 South. 154.

[2-5] The instrument of conveyance upon which plaintiff relied to sustain his action was not presented to the court. Its absence was accounted for by evidence to the effect that plaintiff's brother, the defendant, had purposely destroyed the instrument or had intentionally caused its destruction. There was evidence tending to show that the instrument was in form a deed; that it bore the signatures of the father and mother of the plaintiff; that it was a deed; that it had been in the possession of the plaintiff, the person named as grantee therein; that the instrument described the dwelling place of his parents, the purported grantors, such premises being the only land owned by them or either of them in Mobile. As will be noted from this summary statement of the evidence and its tendencies, there was no evidence even tending to show that the paper was attested or acknowledged in accordance with the statutory requirements for the effectual conveyance of a homestead in this state. Code, §§ 3355, 3357, 3358, 3361, 4161. In the circumstances disclosed by the stated evidence, the rule of evidence described in the maxim, "Every presumption is made against the wrongdoer" (omnia præsumuntur contra spoliatorem; omnia præsumuntur in odium spoliatoris), was due to be applied with the effect of casting upon the defendant the burden of proof either to disprove his culpability in respect of the destruction of the instrument, or to disprove the effectual execution and delivery of the instrument, which, if it operated to pass title to the plaintiff, was prejudicial to the interest of the defendant either as an heir at law of the common father, or as a successor to the title to the premises. To state but one of many applications of the rule of the maxim: Against a party who has purposely and wrongfully destroyed documentary evidence that the spoliator knows is pertinent and material to the interest of his opponent, whether an action is then pending or not, a rebuttable evidence presumption arises, or, as some state it, an inference is indulged, unfavorable to the spoliator. In re Lambie's Estate, 97 Mich. 49, 56 N. W. 223, 225; 10 R. C. L. p. 885; 16 Cyc. pp. 1058, 1059; Jones on Evi. § 18; 1

Wigmore on Evi. pp. 278, 291, 292; 2 Chamberlayne on Evi. § 1070 et seq.; 9 Ency. of Evi. pp. 976–978; Broom's Legal Max. p. 938 et seq.; annotator's note at page 581 et seq. of 34 L. R. A., Old Series. It is a rule of evidence, and is available when, as here, the circumstances and conditions on which it is rested are shown by the evidence, not conclusively, but so supported by the evidence as that the trior of the issue might reasonably find that the bases for the stated presumption or inference existed. When the bases for this unfavorable presumption or inference are established without dispute or to the reasonable satisfaction of the jury, the jury is authorized to presume or infer that the instrument was duly executed, whatever the legal requirements to that end, and that the contents thereof was of a character and effect of the utmost favor to the spoliator's adversary and of the utmost disfavor to the spoliator's interest. The rule's inspiration is the result of the common experience and judgment that men will not ordinarily withhold or destroy evidence beneficial to themselves (Kyle v. Slaughter, 158 Ala. 109, 112, 48 South. 343; authorities supra); and that it is proper to attribute to the spoliator a prima facie knowledge on his part that the truth manifested by the instrument would operate against him (authorities supra). The measure and quality of the evidence descriptive of the instrument necessary to afford the bases for a consideration of the rule, with the view to its application to the concrete case, are that there should be presented, by him whose right or interest is supposed to be prejudiced by the destruction of the instrument, evidence, of a general character, reasonably calculated to invite the conclusion that an instrument of the type in question existed, and that it was purposely destroyed or caused to be destroyed by his adversary. Strict proof of the contents of such an instrument, so destroyed, is not required, for if a higher degree of proof was exacted, the rule of the maxim would be without practical service. The considerations and conclusions stated merited the approval of the Michigan court in Lambie's Case, supra; a deliverance on this subject to which this court gives its unqualified approval. The court below in excluding the testimony of the plaintiff denied him the benefit of the rule described in the maxim, and also invaded the jury's province. It was error. The just stated action of the court constituted manifest error upon another ground, viz. the testimony disclosed a prima facie case in plaintiff's favor as one of the heirs at law of his parents, who had been excluded from the enjoyment of the common inheritance by the defendant. If the parties to this suit were not tenants in common in the property, after the death of their parent —because of the conveyance to the defendant —the obligation was on the defendant to bring forward evidence of a conveyance to him.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.