## JOHNSON v. STATE. (8 Div. 117.)

(Court of Appeals of Alabama. June 30, 1923.)

1. **Indictment and information** &⊸21—Caption or heading of indictment may be aided by indorsement on back thereof.

The special caption or heading at the commencement of an indictment may be aided by the indorsement on the back, showing the term at which the indictment was found and the term of the grand jury then sitting.

2. **Intoxicating liquors** &⊸209—Omission of one of alternative averments in indictment will not invalidate it.

The omission of one of the alternative averments charging, in an indictment, manufacturing of prohibited liquors, under Acts 1919, p. 16, § 15, does not invalidate the indictment.

3. **Indictment and information** &⊸33(1)—Signature of solicitor proper, though not necessary to authentication.

The signature of the solicitor to an indictment is proper, but not necessary to its authentication.

4. **Criminal law** &⊸875(4)—Verdict held sufficient upon which to predicate judgment.

A verdict of a jury, "We, the jury, find the defendant guilty. H. A. B. ——, Foman"— held sufficient upon which to predicate a judgment of guilty and sentence, notwithstanding the misspelling of the word "foreman."

5. **Indictment and information** &⊸11(2)—Indorsement of clerk showing time of filing held sufficient compliance with statute.

An indorsement of the clerk showing that an indictment was filed in open court in the presence of the grand jury on a particular day is a sufficient compliance with Code 1907, § 7152.

6. **Criminal law** &⊸1032(2)—Objection that indictment not filed as required by statute cannot be first raised on appeal.

Objection that indictment not filed as required by statute cannot be first raised on appeal.

7. **Criminal law** &⊸1144(14)—Charge of lower court presumed justified, in absence of bill of exceptions containing evidence.

In the absence of a bill of exceptions purporting to set out the evidence, the appellate court will presume that the charge of the lower court was justified.

Appeal from Circuit Court, Lawrence County; Osceola Kyle. Judge.

Lee Johnson was convicted of violating the prohibition law, and he appeals. Affirmed.

W. Emmett Perry, of Birmingham, for appellant.

The indictment was subject to demurrer. Acts 1919, p. 1086; 207 Ala. 656, 93 South. 383. The verdict of the jury was defective. Code 1907, §§ 7273, 7274.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The first count of the indictment charged the defendant with manufacturing prohibited liquors, and the second count with having in his possession a still to be used for the purpose of manufacturing, etc. A nolle prosequi was entered to the second count.

[1] Objection was taken to the indictment by demurrer on the ground that it is uncertain as to the time, term, or date it was preferred by the grand jury, in that the word "spring" is written above "April," immediately preceding "term." The special caption or heading at the commencement of the indictment may be aided by the indorsement on the back showing that the indictment was found at the spring term 1921, and that Wal-

ter Stephenson was foreman. Code 1907, § 7131; Gater v. State, 141 Ala. 10, 37 South. 692.

[2] The omission of one of the alternative averments charging, in an indictment, manufacturing prohibited liquors under section 15, Acts of Legislature 1919, p. 16, does not invalidate the indictment.

[3] The signature of the solicitor to an indictment is proper, but not necessary to its authentication. Holley v. State, 75 Ala. 14; 1 Mayfield, Digest, p. 1427, § 6, subds. 98 and 99.

The demurrer to the indictment was properly overruled.

[4] The verdict of the jury was as follows: "We the jury find the defendant guilty. H. A. Bragg, Foman"—and was sufficient upon which to predicate the judgment of guilt and the sentence of the court. The jury conveyed to the court in unequivocal terms that their verdict was guilty and H. A. Bragg signed the verdict as foreman. The misspelling of the word "foreman" does not vitiate the verdict of the jury.

The judgment entry reads as follows:

"Thereupon came a jury of good and lawful men, to wit, Hosea A. Bragg and 11 others, who had been duly impaneled and sworn according to law well and truly the issues to try and true verdicts render upon their oaths do say, we, the jury, find the defendant guilty."

Then follows the judgment and sentence of the court. This is sufficient in every respect.

[5, 6] The indorsement of the clerk shows that the indictment was filed in open court on the 28th day of April, 1921, in the presence of the grand jury. This was a compliance with the law. Section 7152, Code 1907. But this objection was not taken in the trial court and cannot be raised for the first time here. Jackson v. State, 74 Ala. 26; 1 Mayfield, Dig. p. 429.

[7] When there is no bill of exceptions purporting to set out the evidence, the appellate court will presume that the charge of the court was justified by the evidence. 1 Michie's Dig. p. 422.

The burden is upon the appellant to affirmatively show by the evidence the incorrectness of the charges asked by setting out the proof in a bill of exceptions. Where there is no bill of exceptions, and the legality of the charges depends upon the proof, nothing is presented for review. 1 Michie's Dig. p. 422.

There was no bill of exceptions. There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.