142 So. 668

## BALLARD v. STATE.
### 3 Div. 4.

Supreme Court of Alabama.
June 10, 1932.

Calvin Poole and D. M. Powell, both of Greenville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

**FOSTER, J.**

■ With reference to the juror Black, the record shows that he "testified that, the defendant being a negro and deceased a white man, he could give him on the trial the same consideration as if the conditions were reversed. On his answers the court held he was qualified and directed the clerk to place his name on the list from which the jury to try defendant was selected. As Black left the place where he was examined touching his qualifications, he passed by where the solicitor for the State was sitting and winked at him. The court's attention was called to this by defendant's attorney and the juror Black was challenged for cause. The challenge was denied and the juror's name was allowed to remain on the list from which the jury to try defendant was selected."

We think that this circumstance was prima facie an indication of a favorable consideration from the standpoint of the state. We cannot disregard what all people understand. It meant something. It occurred during a most solemn judicial proceeding, which was no occasion for such conduct. The meaning which one would naturally attribute to the gesture was that, if the solicitor shall accept him as a juror, it will not be a mistake. It indicated a condition which suggested further inquiry by the court to determine if such meaning was not intended. We cannot approve anything which thus tends to reflect upon the complete freedom from bias which should be present in the minds of all jurors. In this respect we are constrained to declare reversible error.

■■ Early Crenshaw, the courthouse janitor, accompanied the sheriff to Marshall, Mich., to bring the defendant back. He was in jail in Marshall. Defendant was brought back in a car with the sheriff and Early. He made a statement to Early when no one else was present. He says it was in Tennessee at a time when Mr. Canant, the sheriff, got out of the car and went into a drug store. Thereupon the court ruled that the statement made by defendant to Early Crenshaw was inadmissible on account of the hope which was then expressed to him by Crenshaw.

Upon his return to Alabama, the sheriff at first left defendant at Camp Kilby. This was November 18th. He went back for him the following day, November 19th, and brought him to Greenville. He was accompanied by D. E. Melton, the night marshal at Chapman.

Melton testified that he did not know what he said to get him to make a statement. He did not believe he said anything to defendant about the punishment he would probably get, and did not believe he mentioned the punishment. The sheriff said nothing about it. They brought the subject up with him. Defendant was handcuffed, and Melton and the sheriff were both armed. Without telling him his evidence would be used against him, witness inquired about what defendant did with reference to the shooting.

Against defendant's objection and exception, D. E. Melton testified that on their way to Greenville, in response to questions asked by witness, the defendant stated he shot Mr. Sims; that he was sorry he bought the shells; that he bought them to shoot hawks; and that after the shooting took place he said he put the gun back in the rack or put it on the bed one.

Where the question we are considering was directly involved, this court in its early decisions, approved in later cases, held, to use

the language of one of them, that "When a confession has been obtained through the influence of hope or favor, confessions of a similar character subsequently made, as is uniformly held, may be inferred to have originated from the same motive, and, in the absence of evidence * * * showing that the original influence had ceased, or been dispelled, they are inadmissible." Lester v. State, 170 Ala. 36, 54 So. 175, 176; Redd v. State, 69 Ala. 255; Owen v. State, 78 Ala. 425, 56 Am. Rep. 40; Porter v. State, 55 Ala. 95.

Upon that principle we think there was reversible error in overruling the objection to the evidence of Melton as to such confession.

■ In respect to the charges refused appellant, all we need say is that the principles which he sought to invoke in them were given to the jury in other charges in form quite favorable to him, and that no reversible error appears in the refusal of any of them.

The other matters in the record argued by counsel for appellant are such as need not arise upon another trial, and it is not necessary for us to review them.

For the errors which we have mentioned, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and BROWN, JJ., concur.

KNIGHT, J., not sitting.