148 So. 397

## DUTTON v. GIBSON.

8 Div. 491.

Supreme Court of Alabama.

May 25, 1933.

658

Lynne & Lynne, of Decatur, for appellant.

Marvin Kelley, of Hartselle, for appellee.

BROWN, Justice.

This is the second appeal in this case. The nature of the case and the issues sufficiently appear from the report of the former appeal. Dutton v. Gibson, 222 Ala. 191, 131 So. 567.

The declarations of Stracener to the witness Prader were admissible in evidence as explanatory of Stracener's possession of the mules, and the objection to the question and the motion to exclude the answer were properly overruled. Drum & Ezekiel v. Harrison, 83 Ala. 384, 3 So. 715; Sitz & Co. v. Herzberg-Loveman D. G. Co., 194 Ala. 237, 69 So. 881; Nelson v. Iverson, 24 Ala. 9, 60 Am. Dec. 442; Shaw & Shaw v. Cleveland, 5 Ala. App. 333, 59 So. 534.

While the statements in the first pages of the bill of exceptions indicate that the plaintiff offered the original mortgages in evidence, there are other statements in the bill of exceptions that go to show that the original mortgages had been misplaced or lost, and that the original records were offered to prove the mortgages.

When the witness, Miss Babler, was on the stand and being interrogated as to the alteration of the record by writing "his mark" in connection with the name of the mortgagor at the foot of the mortgage, the defendant objected "because the record has been introduced in evidence without objection and this evidence as to any change in the record could only have prejudicial effect," etc. (Italics supplied.) And the defendant on his direct examination testified: "I knew nothing of the loss of plaintiff's mortgages until Mr. Kelley got on the stand this morning. They were introduced in evidence at the last trial. I was down there in the Probate Judge's office yesterday morning and I had a pen and ink. I got a pen off the desk. I never had the record of the Gibson mortgage and made no mark or any writing on it," etc.

Therefore, applying the familiar rule that, "where a bill of exceptions is susceptible of two constructions, one of which will reverse and the other support the judgment of the lower court, the construction which will support the judgment will be adopted," we assume that the record and not the original mortgages were offered, in proof of the mortgages. German, as Executor, v. Brown & Leeper, 145 Ala. 364, 39 So. 742.

The signatures of the mortgagor on the mortgages under which the plaintiff claimed title to the mules do not purport to have been witnessed, and, if the signatures had been by mark, they would be inefficacious to pass the title to the property. Houston v. State, 114 Ala. 15, 21 So. 813.

Therefore, the testimony of the witness, Miss Babler, was admissible as tending to show an effort on the part of the defendant to spoliate the evidence of plaintiff's right and title to the property, and the objections thereto were overruled without error. McCleery v. McCleery, 200 Ala. 4, 75 So. 316.

The bill of exceptions recites that "the defendant moved the court in writing to grant him a new trial and a rehearing, and which said motion was submitted to the court by agreement and argued before the court and the court upon considering said motion required the plaintiff to *remit all damages down to $50.00, and the plaintiff entered a remittitur as required by the court*, and thereupon the court overruled the defendant's motion for a new trial, and the defendant reserved an exception," etc. (Italics supplied.) The remittitur filed in the case, when considered along with this statement in the bill of exceptions and the judgment of the court on the motion, leaves no room for doubt that the remittitur related to the damages, and not to the costs of suit.

After a careful examination of the evidence, we do not feel warranted in disturbing the judgment of the court as modified on the hearing of the motion for a new trial. Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Dillard v. Savage, 98 Ala. 598, 13 So. 514. As so modified, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.