## BELL v. STATE.

### 7 Div. 194.

Supreme Court of Alabama.
June 22, 1933.

Rehearing Denied Sept. 28, 1933.

Albert Boutwell, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

THOMAS, Justice.

The indictment was for robbery, and was in the prescribed form. Sections 4527, 4547, 4556, 8682, Code. There was a verdict of guilt, and punishment by imprisonment in the penitentiary was imposed.

The objections to the genuineness of an indictment as a court record held required to be raised in the court below, before pleading to the merits, "by a timely motion to quash, or to strike the paper from the files." Section 4547, Code; Jackson v. State, 74 Ala. 26; Russell v. State, 33 Ala. 366; Davis v. State, 131 Ala. 10, 31 So. 569; Johnson v. State, 19 Ala. App. 308, 97 So. 150. It is further held, in the discharge of its duties, this court will search the record; and in so doing the record shows the indictment on which the trial was had, the endorsement thereon that it was a true bill, that it was duly presented to the court and ordered filed, and that on the trial the verdict and judgment of conviction were entered, appeal noted, and sentence suspended pending the appeal. Roan v. State, 225 Ala. 428, 143 So. 454, and authorities.

In an effort to consider the questions presented by appellant's counsel, we observe that this court has declared that a bill of exceptions will be construed against the exceptor (Schrimsher v. Carroll, 225 Ala. 188, 142 So. 547), when susceptible of two constructions, one of which will reverse, and the other support, the judgment of the lower

court; and that the "construction which will support the judgment will be adopted." Dutton v. Gibson, 226 Ala. 657, 148 So. 397; German, as Executor, v. Brown & Leeper et al., 145 Ala. 364, 39 So. 742.

■ The application of this rule to the insistence of error as to the argument of the state's counsel does not show reversible error, in that it is indicated that the official was merely replying to the argument of defendant's counsel asking for a "lighter sentence"; and the state's counsel replies as where the same has been agreed upon on a plea of guilty. This argument was not a statement of fact by the solicitor that this defendant had attempted to plead guilty and take a lighter sentence, and that it was refused by the authorities.

The court specifically instructed that the jury would not consider that statement by the solicitor. In this action there was no reversible error.

■ The court having sustained the objection of the defendant to the solicitor's statement that the defendant's attorney and a woman with a little baby were out there "working up a defense," the state's counsel replied that he had the right to make such statement from the evidence. This remark was promptly excluded on motion of defendant's counsel; whereupon the state's counsel replied that he would "withdraw that statement." In this action and rulings there was no reversible error.

■ After the proper predicate was laid for the introduction of the confession of defendant, the state's witness was permitted to say that "Jack Bell said 'I made a great mistake when I came over there and robbed you all, you can help me and I am awfully sorry it happened.'" In this there was no error. Fincher v. State, 211 Ala. 388, 100 So. 657; Burns v. State (Ala. Sup.) 145 So. 436;[1] Evans v. State, 209 Ala. 563, 96 So. 923. The defendant as a witness denied that he made such statement.

■ The defendant moved to hold the case open to another day for rebuttal evidence. There was no error in declining to hold the case open for introduction of evidence until the defendant could call or procure a witness from Birmingham to be used by way of corroboration or rebuttal. The subpœna for the witness was stated to have been mailed and would not reach its destination until the next day. The state's counsel's objection was: "They have had all the week. * * * They knew a week ago that this case would be tried at this term of court and they could have had their witnesses all here." In reply thereto, the defendant's counsel stated that he asked that the witness be subpœnaed instanter; that the subpœna had been placed in the mail and would reach Birmingham tomorrow; that the sheriff said he called the witness, and "he said he had no way of getting down here" to the trial. No due, timely, and compulsory process had been served nor asked by the defendant; thus there was no denial thereof by the court. Jarvis v. State, 220 Ala. 501, 126 So. 127.

■ There was no error in allowing Mr. Johnson to testify that he identified the defendant in McDuff's office in Birmingham when he was shown defendant and others; the further fact stated by the witness that he "picked him out of the whole crowd" was excluded on defendant's motion, for the reason that that part of witness' statement was not responsive to the question that was propounded.

■ Adverting to the objections by the defendant to arguments of the state's counsel— "there is no doubt in my mind as to his being there," and "Are you going to let a gangster commit robbery in Shelby County"—these were merely an argumentative deduction from the evidence and the effect thereof as given by the state's witness. In this there was no reversible error. State v. Thayer, 124 Ohio St. 1, 176 N. E. 656, 75 A. L. R. 53; Crenshaw v. State, 153 Ala. 5, 45 So. 631; Handley v. State, 214 Ala. 172, 175, 106 So. 692; 1 Thompson on Trials, § 980.

■ The statement of the court to the defendant's counsel that it was useless to make a motion for a new trial, and that, if he made it, it would be overruled, would not permit this court to pass upon the conduct urged as improper, while the jury was deliberating, and as may have been presented by a motion for a new trial. The defendant should have complied with the law by making the motion (supporting it with such evidence as he saw fit), and, as required by law, by bringing the same to the attention of the court for a ruling thereon. Section 6670, Code; rule 22, Circuit Court Practice; Roan v. State, 225 Ala. 428, 143 So. 454; and authorities cited; Ballard v. State, 225 Ala. 202, 142 So. 668.

■ Considering, however, the matter complained of as occurring at the café while the jury were at dinner and during the trial, we observe that there is a class of cases, as to the conduct of counsel and jurors, in which improper conduct during the trial and deliberation—as of familiarity of counsel with the jury or jurors—has been condemned. Ballard v. State, 225 Ala. 202, 142 So. 668; Roan v. State, 225 Ala. 428, 143 So. 454. Each case is to be judged by its peculiar facts, and presented to the court as provided by law. And, when found to be in nature intentional and prejudicial, has been condemned and sufficient to reverse. Counsel and jurors should so conduct themselves during all stages of the trial as that no misunderstanding, blame,

---

[1] 226 Ala. 117.

undue or improper influence may result, or so as not to be open to such charge. The test is, (1) not whether the conduct or misconduct did actually influence the jury or a juror without the rules that obtain and outside of the evidence, but (2) that it must not be such as that it might have done so and so improperly influenced the jury or a juror contrary to law and for other motives than those the evidence afforded and the trial warranted. Roan v. State, supra; Leith v. State, 206 Ala. 439, 90 So. 687; Ballard v. State, 225 Ala. 202, 142 So. 668; Jones v. State, 21 Ala. App. 33, 104 So. 878; Holladay v. State, 20 Ala. App. 76, 101 So. 86; Weaver v. State, 17 Ala. App. 506, 86 So. 179.

The concluding questions presented by argument of counsel are exceptions to the oral charge of the court. We have carefully considered such exceptions, and find no reversible error.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

