176 So. 312

## WILLIAMS v. STATE.

### 8 Div. 483.

Court of Appeals of Alabama.

June 8, 1937.

Rehearing Denied June 29, 1937.

Fred S. Parnell, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant with being a vagrant in violation of subdivision 4 of section 5571 of the Code 1923. Said subdivision, pertinent here, reads: "or who unlawfully sells or barters any spirituous, vinous, or malt or other intoxicating liquors."

On the trial of this case in the court below, the evidence adduced was without dispute or conflict, as the defendant offered no evidence but closed her case when the State rested its case.

■ The controlling question on this appeal is the sufficiency of the evidence, offered by the State, to support the verdict of the jury and to sustain the judgment of conviction pronounced and entered. As to this we are of the opinion there is no semblance of doubt. The evidence of the State consisted of the testimony of four witnesses, and tended to show that the defendant, at the time complained of, and in the county where the indictment was returned and the case tried, had engaged, as charged, in unlawfully selling or bartering whisky, which this court judicially knows is a spirituous liquor. The testimony tended to show actual sales of whisky by her to different parties, and further that on several different occasions, within the period of time covered by the indictment, the officers of the law found quantities of whisky in her place of business, some of which was adroitly cached under the floor of her bathroom, and so arranged that it could be pumped from the container.

■ In a case of this character the State is not confined to a single act of the accused, but by competent evidence may show any number of separate and distinct acts of the accused of the nature complained of, the crime being of a continuous nature.

■■ The court properly overruled defendant's motion to quash the indictment, and also the demurrers interposed thereto, both motion and demurrers being of the same import and based upon the grounds, "that said indictment does not bear the signature of R. T. Simpson, Jr., Solicitor of the Eleventh Judicial Circuit." This insistence, in the first place, is not borne out by the record, for as the indictment appears in this record, it is regular in form and substance, and distinctly bears the signature of the solicitor as above designated. But pretermitting this, the solicitor's signature is not an essential requisite to an indictment. The required authentication is that it be signed by the foreman of the grand jury which finds the indictment and returns it into court. The signature of the solicitor to an indictment is proper and permissible, but, as stated, is not essential to its validity. In other words, an indictment receives its legal efficacy from the finding and return of the grand jury; and the legal evidence of its verity is the return "a true bill," bearing the signature of the foreman, as such. The signature of the solicitor with a designation of the circuit in which he is the lawful officer of the State is proper, but it is not essential to its authentication or sufficiency. Ward v. State, 22 Ala. 16; Harrall v. State, 26 Ala. 52; Holley v. State, 75 Ala. 14; Johnson v. State, 19 Ala. App. 308, 97 So. 150.

■ The record in this case is regular and without error. No error appearing in any of the rulings of the court, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.