36 So.2d 450

### BARNETT v. PATILLO.
#### 6 Div. 585.

Court of Appeals of Alabama.
May 11, 1948.

Rehearing Denied June 1, 1948.

W. Marvin Scott, of Cullman, for appellant.

Herman J. Stewart, of Cullman, for appellee.

CARR, Judge.

The appeal record in this case is incomplete. On this account, we are precluded from reviewing many of the questions presented by assignments of error and insisted upon in brief of counsel.

The original complaint contains two counts. There appear a motion to dismiss the cause of action and a motion to strike the motion to dismiss. Apparently, the court made no ruling on either of these, if so it is not shown in the record.

To the original complaint the defendant filed what he denotes "Plea in Bar," which is stated in form of demurrers. Plaintiff's demurrers thereto were correctly sustained.

At a subsequent date the plaintiff amended his original complaint by adding in lieu thereof Counts 1-A and 2-A, and by separate paper he amended by striking the name of Gerdis Barnett as a party defendant.

We note in the judgment entry that the court overruled the demurrers to the amended complaint, but the demurrers do not appear anywhere in the record. We have, therefore, nothing before us to review.

For guidance in the future, we call attention to the fact that the judgment entry is a mere copy or recital of the judge's bench notes.

The trial resulted in a verdict in favor of the plaintiff.

The only question to which we can respond is raised by the defendant's motion for a new trial.

When the jury retired to deliberate, it went into a room in which two army or navy recruiting officers had headquarters. The two men remained in the same room with the jury throughout the period of its deliberations. This irregularity was admitted on the hearing of the motion for a new trial. It was also agreed that the attorneys who represented the parties in the cause were not aware of this fact.

One of the recruiting officers testified when the motion was heard. He stated in effect that the two men in question were present in the room, but neither of them at any time engaged in conversation with any members of the jury.

Due to the fact that the exact occurrence about which complaint is made is so very unusual and rare, we have encountered difficulty in finding a case bearing factual similarity. We must, therefore, make decision in the light of and by the guidance of the general applicable rule.

█ It is clearly stated in 16 Am. & Eng. Encyc.Law 519: "Misconduct, as the term is used in connection with the subject under discussion (new trials) is any unlawful behavior of those entrusted, in any degree, with the administration of justice, by which the rights of the parties and the justice of the case may have been affected. It need not be shown, necessarily, that the misconduct relied on as ground for a new trial actually controlled or determined the verdict, *if it is made apparent that the verdict might have been affected by it.*" (Emphasis ours.) See also Kansas City, M. & B. R. Co. v. Phillips, 98 Ala. 159, 13 So. 65.

Much emphasis and elaboration are given the doctrine in Craig & Co. v. Pierson Lumber Co., 169 Ala. 548, 53 So. 803, 805. There we observe: "Aside from protecting the rights of parties, in the fair and impartial administration of justice, respect for the courts calls for their condemnation of any improper conduct, however slight, on the part of a juror, of a party, or of any other person, calculated to influence the jury in returning a verdict. So delicate are the balances in weighing justice that what might seem trivial under some circumstances would turn the scales to its perversion. Not only the evil, in such cases but the appearances of evil, if possible, should be avoided." See also Atlantic Coast Line R. Co. v. Hardwick, 239 Ala. 58, 193 So. 730; Roan v. State, 225 Ala. 428, 143 So. 454; Lakey v. State, 206 Ala. 180, 89 So. 605; Bell v. State, 227 Ala. 254, 149 So. 687; Holladay v. State, 20 Ala.App. 76, 101 So. 86; Briggs et al. v. Prowell, 215 Ala. 604, 112 So. 197.

Formerly, juries were kept together in all cases from the time they were selected until they rendered their verdict or were otherwise excused. The increase in litigation and also the longer time required to try cases growing out of complicated litigation caused a relaxation of this practice in some character of causes. This departure, however, was not intended to indicate that the courts should be less vigorous in protecting the very framework of our judicial system and safeguarding the fair and impartial right of jury trials. The faith and confidence of the people in our jury system must at all times be encouraged and cultivated.

█ To approve a verdict rendered under the circumstances and conditions disclosed by this record would, in our view, evidence a serious abandonment of the sanctity of the jury's deliberations and the secrecy of its consultations.

We must hold that the lower court was in error in denying the motion for a new trial.

The judgment below, therefore, is ordered reversed and the cause is remanded.

Reversed and remanded.