SHORES, Justice.
This is a will contest. The decedent, Mrs. Bessie Louise Allan and her husband, Lawrence Gilbert Allan, Sr. (hereinafter proponent), executed reciprocal wills in 1960. Mrs. Allan died in 1975. The proponent offered the 1960 will of his wife for probate. He proved the execution of the will by the testatrix in the presence of two witnesses who affixed their names to the instrument in the presence of the testatrix. The son of Mr. and Mrs. Allan, Lawrence Gilbert Allan, Jr., contested the 1960 will contending that it had been revoked by a subsequent will. The trial court directed a verdict for the proponent and the contestant appeals.
Title 61, § 26, Code, provides the method of revoking wills. To show revocation of a will by the execution of a subsequent will, the following is required: (1) The will must be in writing; (2) it must be signed by the testator, or someone for him; (3) it must be attested by at least two witnesses; and (4) the witnesses must subscribe their names in the presence of the testator. Brooks v. Everett, 271 Ala. 354, 124 So.2d 105 (1960); Bruce v. Sierra, 175 Ala. 517, 57 So. 709 (1912). The burden of proving revocation as prescribed by law is on the contestant. Luther v. Luther, 211 Ala. 352, 100 So. 497 (1924); Hodge v. Joy, 207 Ala. 198, 92 So. 171 (1921).
The only evidence offered by the contestant to show revocation of the 1960 will was his testimony that his mother had told him several years before her death that she had executed a new will in which she left everything to him instead of to his father. He testified that he saw an instrument with his mother’s name on it and the *1158 names of two other people. He did not read the instrument, nor was it read to him. A neighbor of the Allans also testified that, some years before her death, Mrs. Allan told her that she had made a new will in which she left everything to her son instead of to her husband. This neighbor testified that she, too, saw an instrument with Mrs. Allan’s signature on it, and the names of two other people. Neither the son nor the neighbor could recall the names of the two people.
There is no evidence whatever that the instrument which the witnesses said they saw had been executed in the presence of two witnesses, nor that such witnesses had executed the same in the presence of the testatrix. No will other than the 1960 will offered for probate has been located. Evidence of revocation of the 1960 will was limited to statements made by the testatrix after the execution of that will and the statements of the two witnesses referred to above as to having seen an instrument described by the testatrix as a will. Under these circumstances, the rule restated in Allen v. Scruggs, 190 Ala. 654, 673, 674, 67 So. 301, 308 (1914), applies:
“In Woodruff v. Hundley, 127 Ala. 640, 653-655, 29 So. 98 . . . [it was held that] ‘All declarations of the testatrix subsequent to the making of this will, tending to show that she had revoked it, were clearly incompetent; no act of revocation having been shown. ... In Law v. Law, 83 Ala. [432] 434, 3 So. [752] 753, it is said: “That no revocation can be effected by mere word of mouth or nun-cupative declaration, any more than could be done under the English statute of frauds. It requires one or more of the specific acts mentioned in the statute — a burning, tearing, canceling or obliterating, with the intention to revoke, or a new- will or codicil, properly executed and attested.” . . .’
“. . . The burden of proof was therefore upon contestants to establish the revocation of the will. Other than asserted, subsequent declarations of Noble [testator] that he had destroyed his will . . . there is no evidence of any revocatory act by Noble to that end. It is noted in McBeth v. McBeth, [11 Ala. 596] supra [Weeks v. McBeth, 14 Ala. 474 (1848)], that testators frequently make declarations touching their testamentary acts ‘for the purpose of misleading, and of stifling the importunity of relatives and friends.’ . . . ”
The contestant here has shown no act of revocation by his mother of her 1960 will. There is no evidence that it was executed as prescribed by statute. He has, therefore, failed to carry the burden which the law says he must.
The contestant concedes that he has not proved that the testatrix executed a subsequent will as prescribed by the statute; but he says that, because the proponent had custody of the subsequent will, the law presumes due execution. We cannot agree. The evidentiary rule stated in McCleery v. McCleery, 200 Ala. 4, 75 So. 316 (1917), has no application here. In that case, it was shown that a deed in the possession of the defendant had been destroyed by the defendant. It was not shown that the destroyed deed was attested or acknowledged as prescribed by statute. There the court held:
“. . . In the circumstances disclosed by the stated evidence, the rule of evidence described in the maxim, ‘Every presumption is made against the wrongdoer’ (omnia praesumuntur contra spolia-torem; omnia praesumuntur in odium spoliatoris), was due to be applied with the effect of casting upon the defendant the burden of proof either to disprove his culpability in respect of the destruction of the instrument, or to disprove the effectual execution and delivery of the instrument, which, if it operated to pass title to the plaintiff, was prejudicial to the interest of the defendant either as an heir at law of the common father, or as a successor to the title to the premises. To state but one of many applications of the rule of the maxim: Against a party who has purposely and wrongfully destroyed documentary evidence that the spoliator *1159 knows is pertinent and material to the interest of his opponent, whether an action is then pending or not, a rebuttal evidence presumption arises, or, as some state it, an inference is indulged, unfavorable to the spoliator. . . (200 Ala. at 5, 75 So. at 317) (Emphasis Supplied)
There is no evidence in this case that the proponent of the 1960 will destroyed a subsequent will made by the testatrix. Therefore, the above rule is inapplicable.
The judgment appealed from is affirmed.
AFFIRMED.
MADDOX, FAULKNER, JONES and BEATTY, JJ., concur.