Susan Smith Nunn appeals from an order granting a new trial to Kayron Whitworth on grounds that the trial court had failed to charge the jury on the legal theory that contributory negligence of a parent does not bar a child's right of recovery if the child is otherwise entitled to recover.
The negligence of a parent cannot be imputed to the child so as to preclude an action by the child or for its benefit against a third person whose negligent act has injured the child. Alabama Power Co. v. Taylor, 293 Ala. 484,306 So.2d 236, 249 (1975), and 58 Am.Jur.2d Negligence, § 470, at 38 (1971).
 "The rationale of the rule is said to be that the right of an infant to damages for injuries to his person caused by the wrongful act of others is a property right, and entitled to the same protection in the courts as is accorded other property held or owned by him; that he is entitled to the protection of the law equally with persons who have attained their majority, and to refuse him relief on the ground of his parents' indifference or negligence would be to deny it to him; and that to impute to him negligence of others is harsh in the extreme, whether the negligence so imputed is that of his parents, their servants, or his guardian."
58 Am.Jur.2d Negligence, supra, at 40.
A party is entitled to proper jury instructions regarding the issues presented, and an incorrect or misleading charge may be the basis for the granting of a new trial. Liberty Nat. LifeIns. Co. v. Smith, 356 So.2d 646 (Ala. 1978), and Herrington v.Central Soya Co., 420 So.2d 1 (Ala. 1982). In the instant case, the contributory negligence of the mother, Kaye Whitworth, barred her recovery from Nunn for injuries sustained in an automobile accident. It did not, however, bar her child's recovery for injuries sustained as a passenger, and the trial court should have instructed the jury accordingly. See Alabama Pattern Jury Instruction 28.10 ("Negligence of parent not imputed").
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and KENNEDY, JJ., concur.