SEE, Justice.
Dorothy Cain, as administratrix of the estate of Beverly Gray, filed this wrongful-death action against Gray’s landlord, Mortgage Realty Company, Inc. Cain alleged, among other things, that Mortgage Realty had negligently or wantonly failed to provide Gray’s apartment with a properly operating smoke detector and that Mortgage Realty’s negligent or wanton conduct was the proximate cause of Gray’s death. The trial court instructed the jury that it could not award punitive damages for the conduct of Mortgage Realty’s agents unless it found that Mortgage Realty’s conduct met the heightened evidentiary standard of § 6-ll-27(a), Ala.Code 1975. The jury returned a verdict in favor of Mortgage Realty. Because we hold that the trial court erred in giving the § 6-ll-27(a) instruction in this wrongful-death case, we reverse and remand.
I.
During the early morning hours of January 6, 1995, Beverly Gray, after starting to cook some food on her stove, retired to her bedroom. She either passed out from voluntary intoxication or simply fell asleep. Sometime thereafter, a fire started as a result of the unattended food on the stove. The fire gutted the kitchen, but caused only minor smoke damage in the remaining rooms. Gray never got up from her bed; she died from carbon monoxide poisoning at approximately 1:30 a.m.
In May 1995, Cain brought this wrongful-death action against Mortgage Realty Company. Mortgage Realty denied all allegations of misconduct on its part and asserted that any right of action was barred by contributory negligence on the part of Gray. The principal contested issues were: (1) whether the apartment’s smoke detector was functional when Gray took possession of the apartment a month earlier; and (2) whether the smoke detector sounded during the fire.
During the course of charging the jury, the trial court stated that a principal is liable for punitive damages as a result of the conduct of its agents only when the heightened evi-dentiary standard of § 6 — 11—27(a) is met. The jury returned a verdict in favor of Mortgage Realty, and the trial court entered a judgment consistent with the verdict. Cain filed a motion for a new trial, but the trial court denied the motion.
*633 II.
On appeal, Cain argues, among other things, that she is entitled to a new trial because, she contends, the trial court erroneously instructed the jury on a principal’s liability for punitive damages arising out of the acts of its agent. “A party is entitled to proper jury instructions regarding the issues presented, and an incorrect or misleading charge may be the basis for the granting of a new trial.” Nunn v. Whitworth, 545 So.2d 766, 767 (Ala.1989). “Reversal is warranted only when the error is considered to be prejudicial.” King v. W.A. Brown & Sons, Inc., 585 So.2d 10, 12 (Ala.1991).
When it instructed the jury on damages, the trial court read Instruction 11.37 of Alabama Pattern Jury Instructions: Civil (2d ed.1993). That instruction sets out the statutory limit on a principal’s vicarious liability for punitive damages that is found in § 6 — 11—27(a), Ala.Code 1975. As part of the general tort-reform efforts of 1987, the Legislature passed and the Governor signed into law § 6-11-27, which created a heightened evidentiary standard for awarding punitive damages against a principal based on the conduct of an agent. Section 6-ll-27(a) provides:
“A ‘principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: (i) knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or (ii) authorized the wrongful conduct; or (iii) ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiff knowingly participated with the agent, servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.”
(Emphasis added.) Thus, in the usual ease, a jury may award compensatory damages against a principal based on the general common-law principles of agency, but may award punitive damages only if it finds one of the specific criteria listed in § 6-ll-27(a). See Northwestern Mut. Life Ins. Co. v. Sheridan, 630 So.2d 384, 389, 390 (Ala.1993) (stating that § 6-11-27 “modifies the common-law rule of vicarious liability by requiring proof of a higher degree of culpability on the part of the principal” in order to recover punitive damages).
In wrongful-death cases, however, all damages are punitive damages. See Cherokee Elec. Coop. v. Cochran, 706 So.2d 1188, 1193 (Ala.1997) (stating that only punitive damages are authorized in wrongful-death cases). Thus, in a wrongful-death case there is no need for different evidentiary standards depending on the type of damages that are sought. Instead of subjecting all punitive damages to the heightened evidentiary standard of § 6-ll-27(a), the Legislature specifically exempted punitive damages sought in wrongful-death actions from the operation of the heightened evidentiary standard. Ala. Code 1975, § 6-11-29 (providing that § 6-ll-27(a)’s heightened evidentiary standard “shall not pertain to or affect any civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410”).
Cain’s action against Mortgage Realty is a wrongful-death action seeking damages against a corporation based on the acts of its agents. Because it is a wrongful-death action, only punitive damages are recoverable. Cochran, 706 So.2d at 1193. Accordingly, the trial court erred in instructing the jury that it could award punitive damages only if it found that one or more of the criteria set forth in § 6-ll-27(a) had been met.[1] Because Mortgage Realty is a corporation and can act only through its agents, the trial court’s instruction prejudiced Cain by implying that Cain would be unable to recover at all unless Mortgage Realty’s conduct satisfied one of the four tests set out in § 6-11- *634 27(a). Finally, because there is not undisputed evidence that Mortgage Realty’s conduct met one of the four tests set out in § 6 — 11— 27(a), the trial court’s error was not harmless.[2]
III.
The trial court erroneously instructed the jury on Mortgage Realty’s liability for punitive damages. That error prejudiced Cain and entitled her to a new trial. Accordingly, we reverse the trial court’s judgment and remand the case for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and LYONS, JJ., concur.

. Although Mortgage Realty asserts that Cain did not object on this ground at trial, the record shows that Cain made a sufficiently specific objection at trial.

. Because we conclude that Cain is entitled to a new trial based on the erroneous § 6-1 l-27(a) instruction, we pretermit discussion of the numerous other issues raised by Cain, including: (1) whether during the jury-selection process the trial court violated the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); (2) whether the trial court erroneously admitted evidence relating to Gray's blood-alcohol level; (3) whether the trial court erred in denying Cain's motion for a directed verdict on Mortgage Realty's contributory negligence defense; and (4) whether the trial court erred in refusing to admit certain statutes and regulations into evidence.