COOK, Justice
(dissenting).
I respectfully dissent from the order quashing the writ. The Court of Civil Appeals concluded that the giving of disputed jury instructions did not constitute reversible error. See Brown v. Alfa Mut. Ins. Co., 727 So.2d. 95 (Ala.Civ.App.1998). I disagree with that conclusion; therefore, I would reverse *100 the judgment of the Court of Civil Appeals and remand this cause for a new trial.
The trial of this cause involved claims by Frederick 0. Brown, Jr., that his insurer, Alfa Mutual Insurance Company, had wrongfully refused to pay a “medical coverage claim.” 727 So.2d. at 96. The error occurred as the trial judge attempted to charge on the standard of proof necessary to support an award of punitive damages. Specifically, the trial judge said:
“But let me tell you something as simply as I know how to say it: That if you have to ask yourself, ‘Has the plaintiff met the burden of proof?’ then I tell you as simply as I know how to tell you, they have not. If you have to ask yourself, ‘Has the ‘plaintiff met the burden of proof?’ then they have not.”
Id. at 96 (emphasis added). After Brown objected, the judge attempted to give a “curative” instruction. However, once again, he said:
“One of the first things I said is this: ‘If you have to ask yourself whether the plaintiff has met its burden of proof, then I say they haven’t.’ Isn’t that what I said ... ?
[[Image here]]
“All right. What I meant by that was simply this: If there’s some question in your mind as to whether they met the legal standard, they have not met it. Okay?”
Id. at 97 (emphasis added).
These instructions do not properly describe the clear-and-eonvineing standard of proof. “Clear and convincing evidence” is defined in Ala.Code 1975, § 6-ll-20(b)(4), as follows:
“[Clear and convincing evidence is such evidence] that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.”
Proof “beyond a reasonable doubt” may properly be defined as “‘that state of the ease, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction ... of the truth of the charge.’ ” Victor v. Nebraska, 511 U.S. 1, 8, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (emphasis added) (quoting with approval Commonwealth v. Webster, 59 Mass. 295, 320 (1850)). Otherwise stated, “ ‘the evidence must establish the truth of the fact to a ... certainty that convinces and directs the understanding, and satisfies the reason and judgment, of those who are bound to act conscientiously upon it.’ ” Id. Thus, proof “beyond a reasonable doubt” is not proof beyond all doubt; it is not proof to an “absolute certainty.” Id.
The trial court’s instructions set the standard too high, even for a criminal proceeding, that is, higher than “beyond a reasonable doubt.” To reiterate, the jurors were told that if they had “to ask” whether the plaintiff had met his burden, he had not met it. From this instruction, laypersons — would reasonably conclude that they were to find against the plaintiff unless there was no question, that is, no doubt, whatsoever, that the plaintiff was entitled to the damages he sought. Indeed, this standard would establish a requirement of proof to an “absolute certainty.”[1]
It is beyond cavil that “[a] party is entitled to proper jury instructions regarding the issues presented, and [that] an incorrect or misleading charge may be the basis for the granting of a new trial.” Nunn v. Whitworth, 545 So.2d 766, 767 (Ala.1989). “Attempts to charge as to standards of proof ... invite reversal.” Allen v. State, 683 So.2d 38, 43 (Ala.Crim.App.1996) (emphasis added). In this case, the judge gave improper instructions regarding Brown’s burden of proof, over his timely objections. The potential for prejudice was compounded by the *101 fact that the error was repeated in the form of a “curative instruction.” For these reasons, I respectfully dissent.

. Moreover, it is not unlikely that the jury carried this notion over into its consideration of the liability aspect of the case.